1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Delta T LLC, d/b/a Big Ass Fans<br><br>        Plaintiff,<br><br>        v.<br><br>MacroAir Technologies, Inc.,<br><br>        Defendant. | CASE NO. 5:20-cv-00728-GW-GJS<br><br>**STIPULATED PROTECTIVE ORDER**[1] |
| MacroAir Technologies, Inc.<br><br>        Counterclaimant,<br><br>        v.<br><br>Delta T LLC d/b/a/ Big Ass Fans,<br><br>        Counterclaim Defendant. | |

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Gail J. Standish's Procedures.

1.  <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists, product design documentation, marketing and business plans, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Moreover, because Delta T, LLC d/b/a/ Big Ass Fans and MacroAir Technologies, Inc. are direct competitors, certain competitively sensitive categories of this information—including strategic plans, financial information, customer list, and certain technical information—should also be protected from disclosure to employees of any other opposing party.  The parties also expect that at least MacroAir Technologies, Inc. will produce its source code,

2

which represents a particularly sensitive form of information that should not be produced in full in electronic form as a safeguard against any potential copying. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

1   without the submission of competent evidence by declaration, establishing that the

2   material sought to be filed under seal qualifies as confidential, privileged, or

3   otherwise protectable—constitute good cause.

4     Further, if a party requests sealing related to a dispositive motion or trial, then

5   compelling reasons, not only good cause, for the sealing must be shown, and the

6   relief sought shall be narrowly tailored to serve the specific interest to be protected.

7   *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For

8   each item or type of information, document, or thing sought to be filed or introduced

9   under seal in connection with a dispositive motion or trial, the party seeking

10   protection must articulate compelling reasons, supported by specific facts and legal

11   justification, for the requested sealing order.  Again, competent evidence supporting

12   the application to file documents under seal must be provided by declaration.

13     Any document that is not confidential, privileged, or otherwise protectable in

14   its entirety will not be filed under seal if the confidential portions can be redacted.

15   If documents can be redacted, then a redacted version for public viewing, omitting

16   only the confidential, privileged, or otherwise protectable portions of the document,

17   shall be filed.  Any application that seeks to file documents under seal in their

18   entirety should include an explanation of why redaction is not feasible.

19   2. <u>DEFINITIONS</u>

20     2.1 <u>Action</u>: Delta T LLC d/b/a Big Ass Fans v. MacroAir Technologies,

21   Inc., Case No. 5:20-cv-00738-GW-GJS, United States District Court for the Central

22   District of California.

23     2.2 <u>Challenging Party</u>:  a Party or Non-Party that challenges the

24   designation of information or items under this Order.

25     2.3 <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of

26   how it is generated, stored or maintained) or tangible things that qualify for

27   protection under Federal Rule of Civil Procedure 26(c), and as specified above in

28   the Good Cause Statement.

2.4 "CONFIDENTIAL ATTORNEYS' EYES ONLY" Information or Items: CONFIDENTIAL Information or Items that may for any business or competitive purpose need to be protected from disclosure, trade secrets, and/or information in which the Party or Non-party has an interest that such materials should be protected from disclosure to other parties, and should be strictly viewable only by Outside Counsel of Record or others described in Section 7.3.

2.5 "CONFIDENTIAL SOURCE CODE" Information or Items: CONFIDENTIAL Information or Items that the Party or Non-party claims in good faith constitutes, reveals, relates to, or reflects information that contains extremely sensitive computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Party or Non-party. CONFIDENTIAL SOURCE CODE Information or Items should be strictly viewable only by Outside Counsel of Record or others described in Section 7.4.

2.6 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.7 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE."

2.8 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

an expert witness or as a consultant in this Action.

2.10   <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   <u>Non-Party</u>:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.12   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.13   <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.14   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE."

2.17   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18   <u>Authorized Reviewer</u>:  any person who is authorized to access materials designated as "CONFIDENTIAL SOURCE CODE" and has agreed to be bound by the provisions of this Order by signing Exhibit A.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.      DURATION

FINAL DISPOSITION of the action is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run.  Except as set forth below, the terms of this protective order apply through FINAL DISPOSITION of the action.  The parties may stipulate that they will be contractually bound by the terms of this agreement beyond FINAL DISPOSITION, but will have to file a separate action for enforcement of the agreement once all proceedings in this case are complete.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY, CONFIDENTIAL SOURCE CODE or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

5.      DESIGNATING PROTECTED MATERIAL

    5.1      Exercise of Restraint and Care in Designating Material for Protection.

1   Each Party or Non-Party that designates information or items for protection under
2   this Order must take care to limit any such designation to specific material that
3   qualifies under the appropriate standards.  The Designating Party must designate for
4   protection only those parts of material, documents, items or oral or written
5   communications that qualify so that other portions of the material, documents, items
6   or communications for which protection is not warranted are not swept unjustifiably
7   within the ambit of this Order.

8   Mass, indiscriminate or routinized designations are prohibited.  Designations
9   that are shown to be clearly unjustified or that have been made for an improper
10  purpose (e.g., to unnecessarily encumber the case development process or to impose
11  unnecessary expenses and burdens on other parties) may expose the Designating
12  Party to sanctions.

13  If it comes to a Designating Party's attention that information or items that it
14  designated for protection do not qualify for protection, that Designating Party must
15  promptly notify all other Parties that it is withdrawing the inapplicable designation.

16  5.2   Manner and Timing of Designations.  Except as otherwise provided in
17  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
18  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
19  under this Order must be clearly so designated before the material is disclosed or
20  produced.

21  Designation in conformity with this Order requires:

22  (a)  for information in documentary form (e.g., paper or electronic
23  documents, but excluding transcripts of depositions or other pretrial or trial
24  proceedings), that the Producing Party affix at a minimum, the legend
25  "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY," or
26  "CONFIDENTIAL SOURCE CODE" (hereinafter "CONFIDENTIALITY legend"),
27  to each page that contains protected material.  If only a portion of the material on a
28  page qualifies for protection, the Producing Party also must clearly identify the

8

1   protected portion(s) (e.g., by making appropriate markings in the margins).

2        A Party or Non-Party that makes original documents available for inspection

3   need not designate them for protection until after the inspecting Party has indicated

4   which documents it would like copied and produced.  During the inspection and

5   before the designation, all of the material made available for inspection shall be

6   deemed "CONFIDENTIAL ATTORNEYS' EYES ONLY."  After the inspecting

7   Party has identified the documents it wants copied and produced, the Producing

8   Party must determine which documents, or portions thereof, qualify for protection

9   under this Order.  Then, before producing the specified documents, the Producing

10  Party must affix the "CONFIDENTIALITY legend" to each page that contains

11  Protected Material.  If only a portion of the material on a page qualifies for

12  protection, the Producing Party also must clearly identify the protected portion(s)

13  (e.g., by making appropriate markings in the margins).

14       (b)  A Party or Nonparty may, if appropriate, designate specific portions of

15  a deposition transcript "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS

16  EYES' ONLY," or "CONFIDENTIAL SOURCE CODE" at the deposition or

17  within thirty (30) days of completion of the final transcript, and any portions so

18  designated shall thereafter be treated in accordance with the terms of this Order.

19  Any portions not designated within the thirty (30) day timeframe shall thereafter be

20  treated as non-Protected Material.  Until the expiration of the thirty (30) day

21  timeframe, deposition transcripts shall be treated as CONFIDENTIAL

22  ATTORNEYS' EYES ONLY.

23       (c)  for information produced in some form other than documentary and

24  for any other tangible items, that the Producing Party affix in a prominent place on

25  the exterior of the container or containers in which the information is stored the

26  legend "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY," or

27  "CONFIDENTIAL SOURCE CODE."  If only a portion or portions of the

28  information warrants protection, the Producing Party, to the extent practicable, shall

identify the protected portion(s).

      5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

      6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

      6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

      6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL

1   DISPOSITION).

2       Protected Material must be stored and maintained by a Receiving Party at a

3   location and in a secure manner that ensures that access is limited to the persons

4   authorized under this Order.

5       7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

6   otherwise ordered by the court or permitted in writing by the Designating Party, a

7   Receiving Party may disclose any information or item designated

8   "CONFIDENTIAL" only to:

9       (a)  the Receiving Party's Outside Counsel of Record in this Action, as

10  well as employees of said Outside Counsel of Record to whom it is reasonably

11  necessary to disclose the information for this Action;

12      (b)  the officers, directors, and employees (including House Counsel) of

13  the Receiving Party to whom disclosure is reasonably necessary for this Action and

14  who have signed the Acknowledgement and Agreement to be Bound" (Exhibit A);

15      (c)  Experts (as defined in this Order) of the Receiving Party to whom

16  disclosure is reasonably necessary for this Action and who have signed the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided, however,

18  the signed Acknowledgement and Agreement to Be Bound:

19      (1)  is delivered to counsel for all other Parties within two business days of

20  execution; or,

21      (2)  if not delivered to counsel for all other Parties within two business days

22  of execution, is delivered to counsel for all other Parties prior to disclosure of

23  CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY, or

24  CONFIDENTIAL SOURCE CODE information or items;

25      (d)  the court and its personnel;

26      (e)  court reporters and their staff;

27      (f)  professional jury or trial consultants, mock jurors, and Professional

28  Vendors to whom disclosure is reasonably necessary for this Action and who have

11

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of CONFIDENTIAL ATTORNEYS' EYES ONLY Information and Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL ATTORNEYS' EYES ONLY" only to those persons listed in Sections 7.2(a), (c), (d), (e), (f), (g), and (i).

7.4    Disclosure of CONFIDENTIAL SOURCE CODE Information and Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL SOURCE CODE" only to those persons listed in Sections 7.2(a), (c), (d), (e), (f), (g), and (i).

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation

12

that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

14

1 Agreement to Be Bound" that is attached hereto as Exhibit A.

2 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

3      PROTECTED MATERIAL

4      11.1   When a Producing Party gives notice to Receiving Parties that certain

5 inadvertently produced material is subject to a claim of privilege or other protection,

6 the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

7 Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

8 procedure may be established in an e-discovery order that provides for production

9 without prior privilege review.  Moreover, this Protective Order is an order of the

10 Court pursuant to Federal Rule of Evidence 502(d) and (e), Rule 26(b) of the

11 Federal Rules of Civil Procedure, and the Court's inherent authority that the

12 production of a document, or part of a document, shall not constitute a waiver of any

13 privilege or protection as to any portion of that document, or as to any undisclosed

14 privileged or protected communications or information concerning the same subject

15 matter, in this or in any other proceeding.

16      11.2   Procedure for Return.  If information subject to a claim of privilege or

17 work product protection is inadvertently produced, such production shall in no way

18 prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of

19 privilege or work-product protection for such information.  If a Producing Party has

20 inadvertently produced information subject to a claim of privilege or protection,

21 upon written request made by the Producing Party of such inadvertent production,

22 the information for which a claim of inadvertent production is made, including all

23 copies, shall be returned within two (2) court days of such request unless the

24 receiving party intends to challenge the producing party's assertion of privilege or

25 protection.  All copies of inadvertently produced documents shall be destroyed, and

26 any document or material information reflecting the contents of the inadvertently

27 produced information shall be expunged.  If a Receiving Party objects to the return

28 of such information within the two (2) court day period described above, the

1    Receiving Party may move the Court for an order determining the status of the

2    information following the procedures of Local Rule 37.1.  Pending the ruling, a

3    Receiving Party may retain the inadvertently produced documents in a sealed

4    envelope and shall not make any use of such information.

5    12.    SOURCE CODE REVIEW

6          (a)    Any source code produced in discovery shall be made available for

7    inspection, in a format allowing it to be reasonably reviewed and searched, during

8    normal business hours (9:00 am to 6:00 pm local time) or at other mutually

9    agreeable times, at an office of the Producing Party's Counsel selected by the

10   Producing Party or another mutually agreed upon location.  The computer

11   containing source code will be made available upon reasonable notice to the

12   Producing Party, which shall not be less than five (5) business days in advance of

13   the requested inspection.  The source code shall be made available for inspection on

14   a secured computer ("Source Code Computer") in a room ("Source Code Review

15   Room") without Internet access or network access to other computers, and the

16   Receiving Party shall not copy, remove, or otherwise transfer any portion of the

17   source code onto any recordable media or recordable device.  The Producing Party

18   may visually monitor the activities of the Receiving Party's representatives during

19   any source code review, but only to ensure that there is no unauthorized recording,

20   copying, or transmission of the source code.  All persons viewing source code shall

21   sign on each day they view source code a log that will include the names of persons

22   who enter the room to view the source code and when they enter and depart.

23         (b)    The Receiving Party may request paper copies of limited portions of

24   source code that are reasonably necessary to attach to filings, pleadings, expert

25   reports, or other papers, or for use as an exhibit at deposition or trial, but shall not

26   request paper copies for the purposes of reviewing the source code other than

27   electronically as set forth in Section 12(a) in the first instance.  Using the software

28   available on the Source Code Computer, the Receiving Party shall create PDFs of

the printed copies the Receiving Party is requesting and save them in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date.  The request for printed source code shall be served via an email request identifying the subfolders of the "Print Requests" folder that the Receiving Party is requesting.  Within five (5) business days of such request, the Producing Party shall provide one copy of all such source code on non-copyable paper, including bates numbers and the label "CONFIDENTIAL SOURCE CODE."  If the request is served after 5:00 pm Pacific Time, it shall be deemed served the following business day.

(c)    The Receiving Party shall maintain a log of all paper copies of the source code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only request additional paper copies if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) necessary for trial.  The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (a) in the first instance.

(d)    For depositions, the Receiving Party shall provide at least three (3) business days written notice to the Producing Party that it wishes to use source code. The Producing Party will make a source code computer available at the deposition to minimize the need for additional paper copies of source code.  Any paper copies

17

1    used during a deposition shall be retrieved by the Producing Party at the end of each

2    day and must not be given to or left with a court reporter or any other individual.

3        (e)    The Producing Party shall install tools that are sufficient for viewing

4    the code produced. The Receiving Party's Outside Counsel and/or

5    experts/consultants may request that commercially available software tools for

6    viewing and searching source code be installed on the Source Code Computer,

7    provided, however, that (a) the Receiving Party possesses an appropriate license to

8    such software tools; (b) the Producing Party approves such software tools; and (c)

9    such other software tools are reasonably necessary for the Receiving Party to

10   perform its review of the source code consistent with all of the protections herein.

11   The Producing Party shall approve reasonable requests for additional commercially

12   available software tools. The Receiving Party must provide the Producing Party with

13   the CD, DVD, file path, or Advanced Package Tool package containing such

14   licensed software tool(s) at least six (6) business days in advance of the date upon

15   which the Receiving Party wishes to have the additional software tools available for

16   use on the Source Code Computer.  The Producing Party shall make reasonable

17   attempts to install the requested software but will not be held responsible for the

18   proper setup, functioning, or support of any software requested by the Receiving

19   Party.  By way of example, the Producing Party will not compile or debug software

20   for installation.

21       (f)    No recordable media or recordable devices, including, without

22   limitation, sound recorders, computers, cellular telephones, peripheral equipment,

23   cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code

24   Review Room.

25       (g)    Notwithstanding the foregoing, the Receiving Party's Outside Counsel

26   and/or experts/consultants shall be entitled to take notes relating to the source code

27   on paper, computer, or a tablet, but may not copy the source code into the notes and

28   may not take such notes electronically on the Source Code Computer itself.

(h)     The Receiving Party's Outside Counsel and any person receiving a copy of any source code shall maintain and store any paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use. No more than a total of three (3) persons[2] identified by the Receiving Party, excluding Outside Counsel, shall have access to the source code.

(i)     Solely for the purposes of accommodating source code review during the global pandemic, the Parties, as a special accommodation, will provide a specially-configured source code discovery laptop ("Remote Review Laptop") that can be shipped to reviewers who are sheltering in place and enable the recipient of each such Remote Review Laptop to review code in an environment designed to approximate the security precautions set forth in the Protective Order to allow discovery of source code in this action to continue while the public health restrictions are in place. Any Remote Review Laptop made available by the Producing Party may be used as follows:

(i)     The Remote Review Laptop must be kept, at all times when not in use in accordance herewith, within a locked safe or a locked room (including a secure closet or cabinet) within the office or home of the Authorized Reviewers when not in use;

(ii)     Any Authorized Reviewer who is to receive a Remote Review Laptop shall, prior to receipt thereof, and upon the Producing Party's request, provide the Producing Party with details regarding the location at which such computer will be used for reviewing ("Source Code Review Room") and the location at which such computer will be stored when not being used for reviewing,

---

[2]   For the purpose of this provision, a "person" does not include an individual's employees, staff, partners, consultants, or any other direct or indirect reports.

for the sole purposes of ensuring compliance with the requirements of this Order regarding the location in which such computer is to be stored;

(iii)   No recordable media or recordable devices, including without limitation sound recorders, computers, cell phones, smart watches peripheral equipment, cameras, devices containing unobstructed cameras (e.g. webcams, unless shielded with an opaque material), CDs, DVDs, or drives of any kind, may be in the Source Code Review Room when the Remote Review Laptop is powered on; however, to the extent such devices are unable to be removed without substantial burden (e.g. desktop computer), such devices shall be powered off and remain off during the review of the source code;

(iv)   Upon completion of each review session, Authorized Reviewer shall provide, at the Producing Party's request, a declaration confirming under penalty of perjury that no unauthorized electronic records of the source code were created or transmitted in any way;

(v)   While any Remote Review Laptop is in use, its screen shall be positioned in such a way that it is not visual from any external window of the room in which it is stored, or such window shall be covered with blinds, shades or a similar covering;

(vi)   Before the Remote Review Laptop is turned on, the Authorized Reviewer who intends to review the source code shall provide at least one hour's notice to the Producing Party via email that they are beginning a review session;

(vii)   During the review session and at all other times, the Authorized Reviewers shall not copy, remove, or otherwise transfer any source code from the Remote Review Laptop including, without limitation, copying, removing, or transferring the source code onto any recordable media or recordable device;

(viii)  The Remote Review Laptop must be turned off when not in active use;

(ix)    Immediately after the Remote Review Laptop is turned off, the Receiving Party's Authorized Reviewers shall notify the Producing Party via email that they are ending a review session;

(x)    At all times, all network and USB ports and wireless transmitters of each Remote Review Laptop shall be and remain disabled, and the Remote Review Laptop shall not be connected to a printer in any way;

(xi)    Authorized Reviewers shall maintain a log of the time that they spend reviewing materials on the Remote Review Laptop during each review session, which shall be made available to the Producing Party upon request.Any Remote Review Laptop made available by the Producing Party may be transported as follows:

(i)    Via hand carry, Federal Express, or other similarly reliable courier by the Producing Party to a location mutually agreed upon by the Parties; and

(ii)    Each Remote Review Laptop may not be removed from said location without written approval from the Producing Party, which shall not be unreasonably withheld.

(k)    The Producing Party will endeavor to accommodate reasonable print requests from the Receiving Party according to the following procedures:

(i)    After completion of a review session, the Receiving Party's Authorized Reviewers may inform the Receiving Party's outside counsel of record via phone call the precise file path, file name, and line number range to print;

(ii)    The Receiving Party's outside counsel of record may provide the precise file path, file name, and line number range to print to the Producing Party's outside counsel of record by sending that information in a formal letter correspondence, encrypted, and designated as "CONFIDENTIAL SOURCE CODE";

(iii)    Upon receipt of such correspondence above, the Producing Party's counsel may have two (2) business days to print the source code lines identified by the Receiving Party's outside counsel of record. Then, the Producing Party will follow the normal procedures regarding providing printed source code as set forth in Section 12(b).

(l)    The Authorized Reviewers may keep paper source code printouts in a secured locked area in their offices or homes.  At all times when not being actively reviewed, all source code printouts must be stored within a safe or locked drawer or file cabinet in a dedicated room within the office or home of the Authorized Reviewers that is locked when not in use;

(m)    Paper source code printouts may only be transported or transmitted at the direction of a person authorized to receive the printouts to another person authorized to receive the printouts on paper via hand carry, Federal Express, or other similarly reliable courier;

(n)    Any Authorized Reviewer in possession of a Remote Review Laptop under the terms of the Order shall return such computer to the Producing Party following the procedures set forth in Section 13 below or upon the Producing Party's request after the occurrence of any one of the following: (1) the entry of an order dismissing or entering final judgment in this matter; (2) the entry of an order staying or administratively closing the case; (3) the conclusion of the Authorized Reviewer's engagement with any party to this matter or involvement in this matter; (4) review via the method contemplated earlier in this Order is again feasible consistent with court, federal, state, and local guidance or orders relevant to the parties' ability to conduct in-person review of source code; or (5) the entry of a subsequent protective order that contemplates the return of Remote Review Laptops;

(o)    Each Authorized Reviewer shall sign the Acknowledgement and Agreement To Be Bound (Exhibit A).

13.    MISCELLANEOUS

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.    FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

1    transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

2    reports, attorney work product, and consultant and expert work product, even if such

3    materials contain Protected Material.  Any such archival copies that contain or

4    constitute Protected Material remain subject to this Protective Order as set forth in

5    Section 4 (DURATION).

6    15.    VIOLATION

7    Any violation of this Order may be punished by appropriate measures including,

8    without limitation, contempt proceedings and/or monetary sanctions.

9    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10   DATED  October 9, 2020

11   */s/ Kyle Virgien*
     Clement J. Naples (*pro hac vice*)
12   clement.naples@lw.com
     LATHAM &WATKINS LLP
13   885 Third Avenue
     New York, NY 10022
14   Phone:  (212) 906-1200
     Fax:  (212) 751-4864
15
     Jennifer L. Barry (CA 228066)
16   jennifer.barry@lw.com
     LATHAM &WATKINS LLP
17   12670 High Bluff Drive
     San Diego, California 92130
18   Phone:  (858)  523-5400
     Fax:  (858)  523-5450
19
     Kyle A. Virgien (CA 278747)
20   kyle.virgien@lw.com
     LATHAM & WATKINS LLP
21   505 Montgomery St, Suite 2000
     San Francisco, CA 94111
22   Phone:  (415) 391-0600
     Fax:  (415) 395-8095
23
     Thomas W. Yeh (CA 287118)
24   thomas.yeh@lw.com
     LATHAM & WATKINS LLP
25   355 South Grand Avenue, Suite 100
     Los Angeles, CA 90071
26   Phone:  (213) 485-1234
     Fax:  (213) 891-8763
27
     Surenda K. Ravula (*pro hac vice*)
28   surendrakumar.ravula@lw.com

24

LATHAM & WATKINS LLP
330 N Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone:  (312) 876-7700
Fax:  (312) 993-9767

Attorneys for Plaintiff,
DELTA T LLC D/B/A BIG ASS FANS


DATED: October 9, 2020

*/s/ Stephen Lobbin*

Stephen M. Lobbin
sml@smlavvocati.com
Austin J. Richardson
ajr@smlavvocati.com
Josh Osborn
jno@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391

Attorneys for Defendant,
MACROAIR TECHNOLOGIES, INC.

## LOCAL RULE 5-4 ATTESTATION

I, Kyle Virgien, attest that all other signatories listed, and on whose behalf the filing

is submitted, concur in the filing's content and have authorized the filing.


Dated:  October 9, 2020

By: */s / Kyle Virgien*


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  October 19, 2020

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of Delta T LLC d/b/a Big Ass Fans v. MacroAir Technologies,

Inc., No. 5:20-CV-00728-GW-GJS.  I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____