1
2
3
4

**VEDDER PRICE (CA), LLP**
Maura Riley, Bar No. 319826
mriley@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 424 204 7700
F: +1 424 204 7702

5
6
7
8
9
10

**VEDDER PRICE P.C.**
John K. Burke (*Pro Hac Vice*)
jburke@vedderprice.com
Michael J. Turgeon (*Pro Hac Vice*)
mturgeon@vedderprice.com
Daniel H. Shulman (*Pro Hac Vice*)
dshulman@vedderprice.com
222 N. LaSalle Street
Chicago, Illinois 60601
T: +1 312-609-7500
F: +1 312-609-5001

11
12

*Attorneys for Plaintiff and Counter-Defendant*
DELTA T LLC D/B/A BIG ASS FANS

13

UNITED STATES DISTRICT COURT

14

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 15 Delta T LLC, d/b/a Big Ass Fans, | Case No. 5:20-cv-00728-GW-GJS |
| 16 Plaintiff, | **DELTA T LLC'S NOTICE OF** |
| 17 v. | **MOTION AND MOTION FOR PARTIAL SUMMARY** |
| 18 MacroAir Technologies, Inc., | **JUDGEMENT OF NO INVALIDITY; MEMORANDUM** |
| 19 Defendant. | **OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 20 | |
| 21 MacroAir Technologies, Inc., | **District Judge: George H. Wu** |
| 22 Counterclaimant, | Magistrate Judge: Gail J. Standish |
| 23 v. | Date:      October 20, 2022 |
| 24 Delta T LLC d/b/a Big Ass Fans, | Time:      8:30 am |
| 25 Counter-Defendant. | Place:     Courtroom 9D |
| 26 | |

27
28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

VP/#57311237

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 20, 2022 at 8:30 a.m. in Courtroom 9D, 9th Floor, United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, the Honorable District Judge George H. Wu presiding, Plaintiff and Counter-Defendant Delta T LLC d/b/a Big Ass Fans ("BAF") will, and hereby does, move the Court for partial summary judgment on MacroAir Technologies, Inc.'s ("MacroAir") Third Amended Counterclaims (ECF No. 69) that the asserted claims of U.S. Patent No. 8,672,649 (the "'649 Patent"), U.S. Patent No. 8,900,041 (the "'041 Patent"), and U.S. Patent No. 9,458,859 (the "'859 Patent") are not invalid based on MacroAir's invalidity theories under 35 U.S.C. § 101 (patentable subject matter), § 102 (anticipation), § 103 (obviousness), § 112 (indefiniteness and written description), and/or any other judicial doctrine of invalidity because MacroAir cannot meet its high burden to show by "clear and convincing evidence" that such references render obvious or anticipate such claims.

This Motion is made pursuant to Federal Rule of Civil Procedure 56 on the grounds that there is no genuine dispute as to any material fact regarding MacroAir's invalidity theories, and BAF is entitled to judgment as a matter of law on these issues.

This Motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the accompanying Declaration of Maura Riley; the Statement of Uncontroverted Facts and Conclusions of Law; Proposed Order; the pleadings, records, and papers filed herein; and all other matters that the Court may consider, including the oral argument of counsel.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 22, 2022.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 2 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:        August 29, 2022            **VEDDER PRICE (CA), LLP**


By: /s/ Maura Riley
_____
      Maura Riley

Attorneys for Plaintiff and Counter-
Defendant,
DELTA T LLC D/B/A BIG ASS FANS

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 3 -            BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................. 1

II.   RELEVANT FACTUAL BACKGROUND ........................................... 3

III.  LEGAL STANDARDS ......................................................................... 4

    A.   Summary Judgment of Validity Is Proper as MacroAir Cannot
         Establish Invalidity by Clear and Convincing Evidence ...................... 4

    B.   Anticipation .......................................................................................... 7

    C.   Obviousness .......................................................................................... 8

    D.   Indefiniteness ....................................................................................... 9

IV.   BAF IS ENTITLED TO SUMMARY JUDGMENT THAT THE
      ASSERTED PATENTS ARE NOT INVALID BASED ON PRIOR
      ART ....................................................................................................... 9

    A.   MacroAir Cannot Meet Its Burden of Proving that Any of the
         Asserted Claims of the Asserted Patents Are Anticipated ................. 10

        1.   MacroAir has not established that any product or
             reference contains every element of an asserted claim ............ 10

        2.   MacroAir has neither identified its purportedly
             anticipatory products nor proven they constitute prior art ....... 13

    B.   MacroAir Cannot Meet Its Burden of Proving that Any of the
         Asserted Claims of the Asserted Patents Are Obvious ...................... 13

        1.   MacroAir Has Failed to Identify Any Specific
             Combination of Purportedly Invalidating References ............... 14

        2.   MacroAir Has Failed to Establish Teaching, Motivation
             or Suggestion to Combine ........................................................ 16

        3.   MacroAir Has Not Offered Obviousness Testimony from
             the Perspective of a POSITA to Establish Teaching,
             Motivation or Suggestion to Combine ...................................... 18

    C.   MacroAir Cannot Meet Its Burden of Proving that Any of the
         Asserted Claims of the Asserted Patents are Indefinite, Lack
         Written Description, Are Directed to Unpatentable Subject
         Matter, or Are Otherwise Invalid ...................................................... 19

**TABLE OF CONTENTS**
(continued)

| | | | Page |
|---|---|---|---|
| | 1. | MacroAir's indefiniteness assertions are conclusory, self-contradictory, and unsupported by expert testimony | 20 |
| | 2. | MacroAir's abstractness assertions are legally insufficient | 22 |
| | 3. | MacroAir cannot introduce new invalidity theories not already set forth in its Invalidity Contentions without a showing of good cause | 22 |
| V. | CONCLUSION | | 23 |

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*,
  694 F.3d 1312 (Fed. Cir. 2012) ............................................................... 14

*ADT Corp. v. Lydall, Inc.*,
  159 F.3d 534 (Fed. Cir. 1998) ................................................................... 6

*All Dental Prodx, LLC v. Advantage Dental Prods., Inc.*,
  309 F.3d 774 (Fed. Cir. 2002) ................................................................... 9

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................... 5, 6

*Ariad Pharm., Inc. v. Eli Lilly & Co.*,
  598 F.3d 1336 (Fed. Cir. 2010) ............................................................... 18

*Biotec Biologische Naturverpackungen GmbH v. Biocorp, Inc.*,
  249 F.3d 1341 (Fed. Cir. 2001) ................................................................. 5

*C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*,
  213 F.3d 474 (9th Cir. 2000) ..................................................................... 5

*Carnegie Mellon University v. Marvell Technology Group, Ltd.*,
  807 F.3d 1283 (Fed. Cir. 2015) ........................................................... 7, 11

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ................................................................................... 5

*Colorado v. New Mexico*,
  467 U.S. 310 (1984) ................................................................................... 7

*Continental Can Co. v. Monsanto Co.*,
  948 F.2d 1264 (Fed. Cir. 1991) ................................................................. 7

*Cordis Corp. v. Medtronic, Inc.*,
  511 F.3d 1157 (Fed. Cir. 2008) ..................................................... 8, 14, 18

*Diodem, LLC v. Lumenis Inc.*,
  No. CV03-2142 GAF (RCx), 2005 WL 6225366 (C.D. Cal. Jan. 24,
  2005) ............................................................................................. 7, 10, 11

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- iii -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

*Electro Medical Systems, S.A. v. Cooper Life Sciences, Inc.*,
    34 F.3d 1048 (Fed. Cir. 1994) ............................................................................ 7

*Graham v. John Deere Co. of Kansas City*,
    383 U.S. 1 (1966) ............................................................................................... 8

*Guangzhou Yucheng Trading Co. v. Dbest Prods., Inc.*,
    No. 2:21-cv-04758-JVS, 2022 WL 2102114 (C.D. Cal. Apr. 26,
    2022) .................................................................................................................. 20

*Innogenetics, N.V. v. Abbott Labs.*,
    512 F.3d 1363 (Fed. Cir. 2008) ......................................................................... 16

*Innovention Toys, LLC v. MGA Entm't, Inc.*,
    637 F.3d 1314 (Fed. Cir. 2011) ......................................................................... 19

*In re Kahn*,
    441 F.3d 977 (Fed. Cir. 2006) ..................................................................... 14, 16

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
    No. 14-CV-00876-RS (JSC), 2018 WL 3646842 (N.D. Cal. Aug. 1,
    2018) ............................................................................................................. 15, 16

*Koito Mfg. Co. v. Turn-Key-Tech, LLC*,
    381 F.3d 1142 (Fed. Cir. 2004) ........................................................................... 7

*KSR Intern. Co. v. Teleflex Inc.*,
    550 U.S. 398 (2007) ..................................................................................... 14, 16

*Laitram Corp. v. Morehouse Indus.*,
    143 F.3d 1456 (Fed. Cir. 1998) ........................................................................... 7

*In re Mahurkar Patent Litigation*,
    831 F. Supp. 1354 (N.D. Ill. 1993) ................................................................ 8, 18

*Markman v. Westview Instruments, Inc.*,
    52 F.3d 967 (Fed. Cir. 1995) (en banc) .............................................................. 9

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
    No. 11-cv-05341-YGR, 2014 WL 690161 (N.D. Cal. Feb. 21,
    2014) .................................................................................................................. 23

*Metabolite Lab., Inc. v. Lab. Corp. of Am. Holdings*,
    370 F.3d 1354 (Fed. Cir. 2004) ........................................................................... 9

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

- iv -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

VP/#57311237

*Microsoft Corp. v. Enfish, LLC*,
   662 F. App'x 981 (Fed. Cir. 2016) ..................................................................... 17

*Microsoft Corp. v. i4i Ltd.*,
   564 U.S. 91 (2011) ............................................................................................. 6

*Novo Indus., L.P. v. Micro Molds Corp.*,
   350 F.3d 1348 (Fed. Cir. 2003) ....................................................................... 20

*NTP, Inc. v. Research in Motion, Ltd.*,
   418 F.3d 1282 (Fed. Cir. 2005) ......................................................................... 6

*Panduit Corp. v. Dennison Manufacturing Co.*,
   810 F.2d 1561 (Fed. Cir. 1987) .................................................................... 8, 18

*Personalized Media Comm. v. Int. T. Comm*,
   161 F.3d at 696 (Fed. Cir. 1998) ..................................................................... 21

*Pfizer, Inc. v. Apotex, Inc.*,
   480 F.3d 1348 (Fed. Cir. 2007) ......................................................................... 8

*Phx. Licensing, LLC v. Advance Am.*,
   No. 2:15-CV-1367-JRG-RSP, 2016 U.S. Dist. Lexis 147141 (E.D.
   Tex. Oct. 24, 2016) .......................................................................................... 21

*Schendel v. Curtis*,
   83 F.3d 1399 (Fed. Cir. 1996) ........................................................................... 5

*Schumer v. Lab. Computer Sys.*,
   308 F.3d 1304 (Fed. Cir. 2002) ..................................................................... 3, 6

*Securus Techs., Inc. v. Glob. Tel Link Corp.*,
   701 F. App'x 971 (Fed. Cir. 2017) ................................................................. 18

*Silicone Graphics, Inc. v. ATI Tech., Inc.*,
   607 F.3d 784 (Fed. Cir. 2010) ........................................................................... 1

*SRI Int'l v. Matsushita Elec. Corp. of Am.*,
   775 F.2d 1107 (Fed. Cir. 1985) ......................................................................... 5

*Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*,
   655 F.3d 1364 (Fed. Cir. 2011) .................................................................. 18, 19

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- v -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

*Union Pac. Res. Co. v. Chesapeake Energy Corp.*,
    236 F.3d 684 (Fed. Cir. 2001) ............................................................................ 8

*Upjohn Co. v. Mova Pharm. Corp.*,
    225 F.3d 1306 (Fed. Cir. 2000) .......................................................................... 6

*WBIP, LLC v. Kohler Co.*,
    829 F.3d 1317 (Fed. Cir. 2016) .......................................................................... 1

**Federal Statutes**

35 U.S.C.
    § 101 ...........................................................................................................*passim*
    § 102 ...........................................................................................................*passim*
    § 103 ................................................................................................. 1, 4, 5, 8, 13
    § 112 ............................................................................................ 1, 3, 4, 5, 20, 22
    § 282 .................................................................................................................. 6

**Other Authorities**

FED. R. CIV. P. 12(c)............................................................................................. 1

FED. R. CIV. P. 26(f)........................................................................................... 16

FED. R. CIV. P. 56 ........................................................................................... 1, 5

Patent L.R. (NDCA) 3-3 ...................................................................................... 2

Patent L.R. (NDCA) 3-4 ...................................................................................... 2

Patent L.R. (NDCA) 3-6 ...................................................................................... 4

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

- vi -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

VP/#57311237

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff and Counter-Defendant Delta T LLC d/b/a Big Ass Fans ("BAF") moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure that no asserted claim of BAF's U.S. Patent No. 8,672,649 (the "'649 Patent"), U.S. Patent No. 8,900,041 (the "'041 Patent"), and U.S. Patent No. 9,458,859 (the "'859 Patent" and collectively the "Asserted Patents") is invalid. MacroAir has purported to challenge the validity of the Asserted Patents under 35 U.S.C. §§ 101, 102, 103 and 112 as well as unspecified "other judicial doctrine of invalidity."  (Third Amended Counterclaims (the "Counterclaims"), ECF No. 69 at ¶¶ 19-24 and 36.).[1] MacroAir's validity challenges are without merit for many reasons.

Fundamental to MacroAir's failure is its dereliction of its primary duty as a party attempting to prove invalidity, namely, to prove by ***clear and convincing evidence*** that either (1) for anticipation under 35 U.S.C. § 102, the prior art discloses ***each and every element of the claimed invention,*** *Silicone Graphics, Inc. v. ATI Tech., Inc.*, 607 F.3d 784, 795 (Fed. Cir. 2010) ("To show that a patent claim is invalid as anticipated, the accused infringer must show by clear and convincing evidence that a single prior art reference discloses each and every element of a claimed invention."); or (2) for obviousness under 35 U.S.C. § 103, that adding the missing elements ***would have been obvious to a person of ordinary skill in the art*** ("POSITA"), *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1326 (Fed. Cir. 2016) (for obviousness, "the question is whether a skilled artisan starting with [the prior art] would have found it obvious to add the [missing elements] to [the prior art] to produce the claimed invention."). MacroAir does neither. Instead, MacroAir

---

[1] BAF has separately moved to dismiss MacroAir's counterclaims challenging the validity of the unasserted patents identified in MacroAir's Third Amended Counterclaims under FED. R. CIV. P. 12(c).

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 1 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

identifies a laundry list of potential prior art—much of it long after the date for disclosing invalidity contentions—without identifying where the elements of the claims in that prior art may be found, and asserts that the claims are therefore anticipated or obvious. The law requires more, as set forth below.

*First*, while MacroAir's Patent L.R. 3-3 and 3-4 Disclosures[2] containing its initial invalidity contentions served on September 28, 2020 (Ex. C, MacroAir's Invalidity Contentions)[3] baldly allege that each asserted claim is anticipated by one or more of the litany of references identified therein and/or unspecified MacroAir products (and MacroAir's proffered technical expert David C. Paulus ("Paulus") offers corresponding conclusory opinions regarding the asserted claims of the '649 Patent and the '859 Patent), MacroAir has not presented any expert testimony or invalidity contention identifying a ***single*** product or reference as disclosing all of the elements of any asserted claim in the manner arranged in the claim. MacroAir cannot meet its burden to establish anticipation under 35 U.S.C. § 102.

*Second*, while MacroAir asserts in its Invalidity Contentions (and Paulus opines) that each asserted claim of the Asserted Patents is obvious based on the same litany of purported prior art references identified in the Invalidity Contentions, these assertions and opinions are woefully deficient as a matter of law. Neither MacroAir nor Paulus articulates (i) a ***specific combination*** of references that contains each and every element of any asserted claim; (ii) a reason or motivation why a person of ordinary skill in the art ("POSITA") would have combined any of the identified references; (iii) what modifications would have been made in combining any of the identified references; or (iv) an explanation as to the level of skill that a POSITA would have possessed, so as to determine from a

---

[2] The parties agreed to largely adopt the Northern District of California's Local Patent Rules for this action (SUF 9), which are cited herein as the "Patent L.R."
[3] MacroAir has not served supplemental invalidity contentions. (SUF 14). Claim charts stylized as "Invalidity Contentions" were attached to the Paulus Initial Report (the "Claim Charts") and are discussed separately herein.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 2 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

POSITA's perspective whether such combinations and/or modifications would have been obvious.

*Third*, MacroAir has neither articulated a cognizable challenge to any asserted claim of the Asserted Patents under 35 U.S.C. § 101 or 112 nor offered any expert testimony regarding such invalidity theories. The Paulus Initial Report is silent on these matters, and the Invalidity Contentions and Claim Charts merely provide conclusory assertions that the asserted claims are invalid under these statutes.

In short, each of MacroAir's prior-art-based invalidity arguments is without merit, and MacroAir has not proffered any testimony to support the other invalidity challenges to BAF's patents asserted in general terms in MacroAir's Invalidity Contentions. It is MacroAir's burden to prove invalidity by clear and convincing evidence. *Schumer v. Lab. Computer Sys.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002). As MacroAir has not even raised a *prima facie* showing, let alone the clear and convincing evidence needed to invalidate an issued patent, BAF is entitled to summary judgment on each of MacroAir's invalidity defenses.

## II.   **RELEVANT FACTUAL BACKGROUND**

On April 8, 2020, BAF filed its Complaint against MacroAir for infringement of the '859 patent, the '649 patent, and the '041 patent. (ECF No. 1.) MacroAir filed its Answer, including earlier iterations of its counterclaims as well as third party claims on June 15, 2020. ECF No. 22. After MacroAir voluntarily amended its counterclaims on July 6, 2020 (ECF No. 26), the Court dismissed MacroAir's counterclaims of invalidity on October 19, 2020 without prejudice. (ECF No. 46.) MacroAir amended its counterclaims a second time on October 20, 2020 and, after BAF filed its First Amended Complaint on February 3, 2021 (ECF No. 59) again asserting infringement of the Asserted Patents, MacroAir filed the operative Answer and Third Amended Counterclaims on February 19, 2021 (the "Counterclaims," ECF No. 69).

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 3 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

The Counterclaims plead defenses of invalidity and seek declaratory judgment of invalidity against the asserted claims of the Asserted Patents under 35 U.S.C. §§ 101, 102, 103, and 112 and/or some unspecified "other judicial doctrine of invalidity." (SUF 2.)

MacroAir served its Patent L.R. 3-3 and 3-4 Disclosures containing its preliminary invalidity contentions (MacroAir's "Invalidity Contentions") on September 28, 2020. (SUF 12.) MacroAir also attached a copy of the invalidity claim charts setting forth its Patent L.R. 3-3 contentions on invalidity from its Invalidity Contentions (the "Invalidity Claim Charts") as Exhibit 4 to the Counterclaims (SUF 12; ECF No. 69-4.) In the Invalidity Claim Charts, MacroAir provided two charts of the Asserted Patents. (SUF 13.) MacroAir has not served supplemental disclosures under Patent L.R. 3-3, nor has MacroAir sought leave from the Court to supplement its Invalidity Contentions (as it is required to do under the agreed-upon Patent Local Rules prior to supplementing). (SUF 14; SUF 11; *see also* Patent L.R. 3-6.)

The Paulus Initial Report and Claim Charts contain invalidity grounds not set forth in MacroAir's Invalidity Contention. (SUF 22, 24.) Specifically, the Paulus Initial Report and Claim Charts contain new invalidity argument challenging (i) the '649 Patent based on MacroAir's own products described only as "MacroAir UL Certified fans, UL 507 Electric Fans" and "UL 1995 Heating and Cooling Equipment" (SUF 22); and (ii) the '859 Patent based on MacroAir's products and/or documents described as "MacroAir Technologies Installation manual MA010456-467," "'10 blade retainer link' MA010468", "'Shroud and Hub Cover Installation Instructions' MA010627", "'How to Install Safety Link Extensions' MA002426", and "'Blade Brace' MA001970" (SUF 24).

## III. <u>LEGAL STANDARDS</u>

### A. <u>Summary Judgment of Validity Is Proper as MacroAir Cannot Establish Invalidity by Clear and Convincing Evidence</u>.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 4 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985) ("A grant of summary judgment under Rule 56, FED. R. CIV. P., is entirely appropriate, in a patent as in any other case, where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."). Partial summary judgment may be granted as to any claim or defense, or as to a part of any claim or defense. FED. R. CIV. P. 56(a).

The party moving for summary judgment bears the initial burden of demonstrating that there are "no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once this initial burden is met, the burden then shifts to the other party to "designate 'specific facts' showing that there is a genuine issue for trial" in order to avoid summary judgment. *Celotex*, 477 U.S. at 324. "A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). "[U]nsupported or conclusory averments are insufficient to avoid summary judgment where the moving party has met its initial burden." *Celotex*, 477 U.S. at 322-23; *see also Schendel v. Curtis*, 83 F.3d 1399, 1409 (Fed. Cir. 1996).

Courts may grant summary judgment that a patent is not invalid under 35 U.S.C. §§ 101, 102, 103, or 112, including when the accused infringer has not

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 5 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

1   identified evidence to support a material fact. *Biotec Biologische*

2   *Naturverpackungen GmbH v. Biocorp, Inc.*, 249 F.3d 1341, 1352-55 (Fed. Cir.

3   2001). In evaluating such a motion, the Court must "view[] the evidence presented

4   through the prism of the substantive evidentiary burden" that would inhere at trial.

5   *Anderson*, 477 U.S. at 254.

6       An issued patent is presumed valid. 35 U.S.C. § 282. In order to overcome

7   this presumption, "[e]vidence of invalidity must be clear as well as convincing."

8   *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002); *see*

9   *also Microsoft Corp. v. i4i Ltd.*, 564 U.S. 91, 95 (2011) ("We consider whether

10  § 282 requires an invalidity defense to be proved by clear and convincing evidence.

11  We hold that it does.").

12      "Typically, testimony concerning anticipation must be testimony from one

13  skilled in the art and must identify each claim element, state the witnesses'

14  interpretation of the claim element, and explain in detail how each claim element is

15  disclosed in the prior art reference. The testimony is insufficient if it is merely

16  conclusory. . . . Mere denials or conclusory statements are insufficient. . .''

17  *Schumer*, 308 F.3d at 1315 (citations omitted). The same requirements apply for

18  testimony concerning obviousness. *NTP, Inc. v. Research in Motion, Ltd*., 418 F.3d

19  1282, 1325 (Fed. Cir. 2005) (holding an expert's conclusory testimony was

20  insufficient to meet the high burden of clear and convincing evidence with respect

21  to obviousness); *Upjohn Co. v. Mova Pharm. Corp.*, 225 F.3d 1306, 1311 (Fed. Cir.

22  2000) (an obvious determination requires some evidentiary support beyond an

23  expert's conclusory opinion); *ADT Corp. v. Lydall, Inc.*, 159 F.3d 534, 546 (Fed.

24  Cir. 1998) (same).

25      The court need not "attempt to interpret confusing or general testimony to

26  determine whether a case of invalidity has been made out, particularly at the

27  summary judgment stage. Indeed, to accept confusing or generalized testimony as

28  evidence of invalidity is improper. The risk is great that the confusion or generality

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 6 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

1   is the result, not of an inarticulate witness or complex subject matter, but of a

2   witness who is unable to provide the essential testimony." *Id.* 1316.

3       Thus, summary judgment is appropriate in this case if MacroAir would be

4   unable to prove by clear and convincing evidence that claims of any Asserted

5   Patent are invalid. *Laitram Corp. v. Morehouse Indus.*, 143 F.3d 1456, 1464-65

6   (Fed. Cir. 1998) (affirming summary judgment where alleged infringer "could not

7   prove invalidity by clear and convincing evidence.").

8       **B.    Anticipation**

9       Establishing invalidity by anticipation is "an especially heavy burden" for the

10  accused infringer. *Diodem, LLC v. Lumenis Inc.*, No. CV03-2142 GAF (RCx), 2005

11  WL 6225366 (C.D. Cal. Jan. 24, 2005) (citing *Koito Mfg. Co. v. Turn-Key-Tech,*

12  *LLC*, 381 F.3d 1142, 1151 (Fed. Cir. 2004)). "Anticipation requires the presence in

13  a single prior art reference disclosure of all elements of a claimed invention

14  arranged as in the claim." *Carnegie Mellon University v. Marvell Technology*

15  *Group, Ltd.*, 807 F.3d 1283, 1293 (Fed. Cir. 2015). MacroAir must establish

16  anticipation by clear and convincing evidence. *Id*. Clear and convincing evidence

17  places in the fact finder "an abiding conviction that the truth of [the] factual

18  contentions are highly probable." *Colorado v. New Mexico*, 467 U.S. 310, 316

19  (1984) (quotation marks omitted).

20      Although an accused infringer may try to argue that a missing element is

21  inherent in a prior art reference, this is a very high burden to meet. To establish

22  such inherency, Defendants must prove by clear and convincing evidence that the

23  missing claim element is ***necessarily present*** in the prior art. *Electro Medical*

24  *Systems, S.A. v. Cooper Life Sciences, Inc.*, 34 F.3d 1048, 1052 (Fed. Cir. 1994) (no

25  anticipation by inherency because defendant failed to "prove that an unpressurized

26  flow is necessarily present in the [the prior art] disclosure, and that it would be so

27  recognized by persons of ordinary skill."). "The mere fact that a certain thing *may*

28  *result* from a given set of circumstances is insufficient to prove anticipation." *Id.*

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 7 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

1   (*citing Continental Can Co. v. Monsanto Co.*, 948 F.2d 1264, 1268-69 (Fed. Cir.

2   1991)); *see also Diodem*, 2005 WL 6225366, at *48-49 ("Evidence that a person

3   following [the prior art] may occasionally, but not 'invariably' use [a device] is

4   insufficient to discharge [the patent challenger's] burden.").

5         **C.**   **<u>Obviousness</u>**.

6         To demonstrate a claim is unpatentable as obvious, MacroAir must

7   demonstrate "by clear and convincing evidence that a skilled artisan would have

8   been motivated to combine the teachings of the prior art references to achieve the

9   claimed invention, and that the skilled artisan would have had a reasonable

10  expectation of success in doing so." *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348,

11  1361 (Fed. Cir. 2007). "Under [the Section] 103 [analysis], the scope and content of

12  the prior art are to be determined; differences between the prior art and the claims at

13  issue are to be ascertained; and the level of ordinary skill in the pertinent art

14  resolved." *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966).

15        Obviousness is not established simply because all of the elements of a patent

16  claim can be found in two or more references; there must be a reason that would

17  have prompted a person of ordinary skill in the relevant field to combine the

18  elements in the way the claimed invention does. "If the prior art references as a

19  whole do not teach, suggest or motivate that combination, then they may not be

20  combined. The mere fact that the prior art can be modified does not make the

21  modification obvious unless the prior art suggests the desirability of the

22  modification." *Cordis Corp. v. Medtronic, Inc.*, 511 F.3d 1157, 1172 (Fed. Cir.

23  2008).

24        It is improper to analyze obviousness with hindsight using the challenged

25  patent as a guide. *In re Mahurkar Patent Litigation*, 831 F. Supp. 1354, 1374-75

26  (N.D. Ill. 1993); *Panduit Corp. v. Dennison Manufacturing Co.*, 810 F.2d 1561,

27  1568 (Fed. Cir. 1987).

28

Vedder Price (CA), LLP
Attorneys at Law
Los Angeles

VP/#57311237

- 8 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

D.   **Indefiniteness**.

A claim is not indefinite unless it lacks a meaning discernible to one of ordinary skill in the art when construed according to correct principles. *Union Pac. Res. Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 692 (Fed. Cir. 2001). "[T]he focus is on the objective test of what one of ordinary skill in the art at the time of the invention would have understood the term to mean." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 986 (Fed. Cir. 1995) (en banc).

"Only after a thorough attempt to understand the meaning of a claim has failed to resolve material ambiguities can one conclude that the claim is invalid for indefiniteness." *All Dental Prodx, LLC v. Advantage Dental Prods., Inc.*, 309 F.3d 774, 780 (Fed. Cir. 2002); *see also Metabolite Lab., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1366 (Fed. Cir. 2004) ("Only when a claim remains insolubly ambiguous without a discernable meaning after all reasonable attempts at construction must a court declare it indefinite.").

## IV.   BAF IS ENTITLED TO SUMMARY JUDGMENT THAT THE ASSERTED PATENTS ARE NOT INVALID BASED ON PRIOR ART

MacroAir's Invalidity Contentions allege that each of the asserted claims of the Asserted Patents is anticipated and/or obvious based on the litany of purported prior art references identified therein. (Ex. C, Invalidity Contentions.) Because MacroAir has not made out even a *prima facie* case of invalidity—much less demonstrated invalidity by clear and convincing evidence—in the Invalidity Contentions, Paulus's testimony, or the Claim Charts, there can be no reasonable dispute as to the validity of the claims of the Asserted Patents and summary judgment in favor of BAF is appropriate. Further, as Paulus's opinions rely on references and products not set forth in MacroAir's Invalidity Contentions (SUF 22, 24.) and MacroAir has neither sought leave to supplement those contentions nor

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 9 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

could it establish good cause at this late time (SUF 11, 14.), those previously undisclosed combinations should be disregarded. Patent L.R. (N.D.C.A) 3-6.[4]

A.  **MacroAir Cannot Meet Its Burden of Proving that Any of the Asserted Claims of the Asserted Patents Are Anticipated**.

MacroAir's allegations of anticipation are fatally deficient, and summary judgment is thus appropriate. The majority of MacroAir's Invalidity Contentions do not point to a single reference or product that discloses every limitation of any one claim in the manner arranged in the claim. (SUF 17.) MacroAir presents no credible expert testimony of anticipation, as Paulus (i) does not opine in his report that a single reference anticipates any claim of the Asserted Patents (SUF 25) and (ii) failed to identify with specificity which of MacroAir's purported products are asserted to be anticipatory (much less establish that such products were disclosed publicly prior to the critical dates of the Asserted Patents and disclose every element of an asserted claim). (SUF 35, 37.)

1.  **MacroAir has not established that any product or reference contains every element of an asserted claim**.

"When more than one reference is required to establish unpatentability of the claimed invention anticipation under § 102 can not be found." *Diodem*, 2005 WL 6225366, at *16.  Because MacroAir has not established that any single reference or product discloses each and every element of a claim of the Asserted Patents, it cannot as a matter of law establish that any such claim is anticipated.

*First*, MacroAir's Invalidity Contentions do not expressly assert that single reference as disclosing each and every element of a claim of the Asserted Patents in the manner required by such claim. (SUF 17.) Each claim chart included in the Invalidity Contentions identifies multiple references and—bare citations to Section

---

[4] BAF has separately moved to disqualify Paulus from offering opinions regarding invalidity or, in the alternative, to strike the new invalidity theories from the Paulus Initial Report.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 10 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

102 and the elements of anticipation notwithstanding—at best can be understood as asserting that one or more of the listed references could be modified or combined in an effort to render the charted claims obvious.

For example, Exhibit A to the Invalidity Contentions asserts that "Jones, alone or in combination with other prior art in Defendant's invalidity contentions and/or knowledge of one of ordinary skill in the art, anticipates and/or renders obvious all of the asserted claims of the '649 patent." (Ex. C, Exhibit A to Invalidity Contentions, at 1.) Yet, as shown, the excerpt of the accompanying chart does not identify Jones as disclosing elements (a), (b), (c), or (e) of claim 1, instead asserting for each that "[t]o the extent that it is determined that this limitation is not disclosed by Jones, it would have been obvious to a person of ordinary skill in the art to combine the teachings of [one or more other references] with the teachings of Jones to arrive at the claimed invention." (*Id*. at *3-10; SUF 17.)  The remaining charts in Exhibit A to the Invalidity Contentions, as well as the charts set forth in Exhibits C, D, and F to the Invalidity Contentions are similarly flawed for failing to articulate how each element of each charted claim can be found in the main reference. (Ex. C, Exhibits C, D, and F to Invalidity Contentions; SUF 17.)

*Second*, Paulus does not offer testimony that any one of the references identified in MacroAir's Invalidity Contentions anticipates any claim of the Asserted Patents. (SUF 25.)  Instead, Paulus states only that "[t]he prior art to [an Asserted Patent] includes the following patents which individually or together render obvious the combination of features of the [Asserted Patent]." (Ex. A, Paulus Initial Report at ¶¶ 115, 119, 127.)  Absent such testimony pointing to a single prior art reference disclosing each of the elements in a claim of the Asserted Patents, MacroAir cannot meet its burden to show anticipation by clear and convincing evidence. *Carnegie Mellon University*, 807 F.3d at 1293.

*Third*, the Claim Charts (namely, Exhibits 4, 6, and 10 to the Paulus Initial Report) share the same deficiencies as the Invalidity Contentions. For example,

Exhibit 4 to the Paulus Initial Report corresponds to Exhibit A to the Invalidity

Contention and likewise fails to articulate how the primary reference (Jones)

discloses elements (a), (b), (c), or (e) of claim 1.  (Ex. A, Exhibit 4 to Paulus Initial

Report at *3-11.) Exhibits 6 and 10 to the Paulus Initial Report have the same

flaws. (Ex. A, Exhibits 6 and 10 to Paulus Initial Report.)

*Finally*, even if Paulus's newly raised invalidity theories regarding the '649

Patent and the '859 Patent based on unspecified MacroAir products are not

discounted as untimely and outside the scope of the Invalidity Contentions,[5] his

opinions regarding those products are similarly deficient. Paulus merely opines—in

conclusory fashion—that all of the elements of the asserted claims of the '649

Patent and the '859 Patent were disclosed by unspecified "products being used and

sold by MacroAir before" the critical dates thereof. (*See* Ex. A, Paulus Initial

Report at ¶¶ 113, 124.)  Yet nowhere in the Paulus Initial Report does he articulate

***where*** the elements of those asserted claims may be found in MacroAir's products.

(SUF 34, 35.) Even the Claim Charts attached to the Paulus Initial Report—which

Paulus asserts relate at least in part to those same unspecified MacroAir products—

do not map every claim element to a particular product. (*See, e.g.* Ex. A, Exhibits 4,

5, and 8-10 to the Paulus Initial Report.) For example, the Claim Charts regarding

the '649 Patent cite to ***documents*** (specifically, "MacroAir UL Certified fans, UL

507 Electric Fans" and "UL 1995 Heating and Cooling Equipment") that are

described as being standards to which unspecified MacroAir products purportedly

adhere. (Ex. A, Exhibit 4 to Paulus Initial Report at *1-2) ("Macroair obtained UL

Certification for its sold fans in 2003, which requires the protections stated in

UL507. Therefore MacroAir fans sold in the US adhering to this standard qualify as

---

[5] BAF has separately moved to strike and exclude Paulus's opinions on invalidity
generally and on the purported prior art MacroAir products not disclosed in
MacroAir's Invalidity Contentions specifically. In the event that the Court grants
that motion, BAF's request for summary judgment on these invalidity theories is
moot.

Vedder Price (CA), LLP
Attorneys at Law
Los Angeles

VP/#57311237

- 12 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

1    prior art at least under pre-AIA 35 U.S.C. § 102 (b)." and "UL1995 was published

2    on September 29, 1995. Therefore, UL1995 qualifies as prior art at least under pre-

3    AIA 35 U.S.C. § 102 (b).").

4         The Claim Charts thus not only fail to support Paulus's conclusory assertions

5    of anticipation, by failing to identify where each claim element can be found in

6    these unspecified products and the identified documents, the Claim Charts are a

7    tacit admission that those items are necessarily ***not*** anticipatory. Accordingly,

8    MacroAir cannot meet its heavy burden to establish anticipation by clear and

9    convincing evidence.

10        **2.    MacroAir has neither identified its purportedly anticipatory**

11             **products nor proven they constitute prior art**.

12        In the Paulus Initial Report and attached Claim Charts, MacroAir asserts that

13    certain unspecified MacroAir products each anticipate all claims of asserted claims

14    of the '649 Patent and the '859 Patent. (*See* Ex. A, Paulus Initial Report at ¶¶ 113,

15    124; Exhibits 4, 5, and 8-10 to the Paulus Initial Report.)  In order to prevail on this

16    invalidity theory under 35 U.S.C. § 102, MacroAir also must demonstrate, with

17    clear and convincing evidence, that some specific MacroAir product included each

18    and every limitation of the asserted claims and was publicly sold or used prior to

19    the relevant critical dates.

20        However, MacroAir has not even identified with specificity what products it

21    contends are anticipatory. (SUF 34, 35.) All Paulus provides are the boilerplate,

22    conclusory assertions that "[t]he prior art to [the '649 patent / the '589 patent] as of

23    [the potential critical dates for such patent] includes products being used and sold

24    by MacroAir before those dates" and "[t]hese products disclose all of the elements

25    of the asserted claims of [such patent]."  (*See* Ex. A, Paulus Initial Report at ¶¶ 113,

26    124.) Yet Paulus does not articulate any basis for his belief that MacroAir will

27    present such testimony, and he himself appears to have no knowledge of those

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 13 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

products. Indeed, as discussed above, the very Claim Charts submitted with his report fail to identify where each claim element can be found in those products.

### B.  <u>MacroAir Cannot Meet Its Burden of Proving that Any of the Asserted Claims of the Asserted Patents Are Obvious</u>.

Obviousness under 35 U.S.C. § 103 is not established simply because all of the elements of a patent claim can be found in two or more references, and there must be some articulated **reason** that would have prompted a person of ordinary skill to combine the elements in the way the claimed invention does. "If the prior art references as a whole do not teach, suggest or motivate that combination, then they may not be combined. The mere fact that the prior art can be modified does not make the modification obvious unless the prior art suggests the desirability of the modification." *Cordis Corp.*, 511 F.3d at 1172. Further, "rejections on obviousness cannot be sustained with mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006); *see also KSR*, 550 U.S. at 418, 82 USPQ2d at 1396 (quoting Federal Circuit statement with approval).

Because MacroAir has failed to identify specific combinations along with motivations to create such combinations, it cannot meet its burden to show invalidity of any claim of the Asserted Patents. *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012) (summary judgment was appropriate with regard to defendants' obviousness defense because defendants failed to show "how [its] references could be combined" and how its "combination would operate or read on the asserted claims").

### 1.  **MacroAir Has Failed to Identify Any Specific Combination of Purportedly Invalidating References**.

Any opinion or evidence on obviousness must "explain how specific references would yield a predictable result, or how any specific combination would

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 14 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

operate or read on the asserted claims." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012). "Conclusory statement[s]" as to what a person skilled in the art would have known are insufficient and "fraught with hindsight bias." *Id.* (citing *KSR Intern. Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007) ("'A patent composed of several elements is not proved obvious by merely demonstrating that each of its elements was, independently, known in the prior art.'")).

Paulus fails to articulate any specific reference or combination of references that renders any asserted claim obvious. Rather, the Paulus Initial Report simply states that "[t]he prior art to [each Asserted Patents] also includes the following patents which individually or together render obvious the combination of claimed features of the [Asserted Patent]" before providing a list of reference. (Ex. A, Paulus Initial Report at ¶¶ 115, 119, 127.) Such boilerplate, conclusory assertions are insufficient to set forth a *prima facie* claim of obviousness. *See, e.g., Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2018 WL 3646842, at *9-10 (N.D. Cal. Aug. 1, 2018) (striking boilerplate statements in expert's report that "provide conclusions with no reasoning.").

The claim charts attached to the Paulus Initial Report fare no better. Each claim chart begins with a recitation of references that are purportedly prior art under 35 U.S.C. 102, followed by a chart listing each element of the asserted claims and alongside comments regarding the listed references. (Ex. A, Exhibits 4-6 and 8-10.) Multiple references are identified in each chart. (*Id.*) Yet nowhere do the Claim Charts explain **how** or **why** a POSITA would modify any one reference with the disclosure of another to create the corresponding claim element (much less the claimed device as a whole). Instead, the Claim Charts baldly and formulaically allege that "[t]o the extent that it is determined that this limitation is not disclosed by [a first reference], it would have been obvious to a person of ordinary skill in the art to combine the teachings of [one or more other references] with the teachings of

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 15 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

[the first reference] to arrive at the claimed invention" and "it would have been obvious to a person having skill in the art at the time of the invention to modify the system disclosed in [a first reference] to include [a feature of another reference]" (SUF 26, 27.)  Such generalized testimony—which appears over **130 times** in the Claim Charts (SUF 28)—is insufficient to articulate a claim of obviousness, and is precisely the sort of vague testimony that the Federal Circuit has held would not be "helpful to a lay jury in avoiding the pitfalls of hindsight that belie a determination of obviousness." *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373-74 (Fed. Cir. 2008); *see also Karl Storz*, 2018 WL 3646842, at *9-10.

*Innogenetics* is directly applicable. There, the accused infringer's expert's invalidity opinion "merely lists a number of prior art references and then concludes with the stock phrase 'to one skilled in the art it would have been obvious to perform the [recited method in the asserted patent].'" *Id*.  The district court found such testimony insufficient under Rule 26(f), and the Federal Circuit concurred. In particular, "[n]owhere does [the expert] state how or why a person ordinarily skilled in the art would have found the claims of the [asserted] patent obvious in light of some combination of those particular references." *Id*.

Because Paulus and MacroAir fail to provide any "articulated reasoning with some rational underpinning to support the legal conclusion of obviousness," these opinions are insufficient as a matter of law. *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006); *see also KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007) ("To facilitate review, this analysis should be made explicit.") (*citing Kahn*, 441 F.3d at 988).

## 2.  MacroAir Has Failed to Establish Teaching, Motivation or Suggestion to Combine.

Even if Paulus and MacroAir had identified particular combinations of prior art, MacroAir's obviousness claims set forth in the Invalidity Contentions and the Paulus Initial Report are fatally deficient for failing to articulate a motivation to

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 16 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

make those combinations or modifications. It is improper to "allow hindsight reconstruction of references to reach the claimed invention without any explanation as to how or why the references would be combined to produce the claimed invention." *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1381 (Fed. Cir. 2008).

MacroAir and Paulus seek to cobble together different elements from assorted references using nothing more than hindsight and the Asserted Patents as a road map. As discussed above, there is no articulation of a motivation to combine any particular references in the Paulus Initial Report. Similarly, the Claim Charts attached thereto contain nothing more than conclusory, general statements that it would have been obvious to a person of ordinary skill in the art to combine the teachings of one or more other references ***without articulating <u>why</u> such combinations would be made***. (SUF 26, 27.) For example, Exhibit 4 (discussing combinations involving the Jones reference) states for element (a) of claim 1 of the '649 Patent, "[t]o the extent that it is determined that this limitation is not disclosed by Jones, it would have been obvious to a person of ordinary skill in the art to combine the teachings of Holston, Boyd, and/or Rast with the teachings of Jones to arrive at the claimed invention." (Ex. A, Exhibit 4 to Paulus Initial Report at *5.) Identical copies of this bald assertion that replace only the list of secondary references are repeated for elements (b) through (e). (*Id*. at *6-9.). The same boilerplate language is used throughout the Claim Charts without any explanation or support. (SUF 26, 27.)

Elsewhere, the Claim Charts also employ the boilerplate statement "it would have been obvious to a person having skill in the art at the time of the invention to modify the system disclosed in [a first reference] to include [a feature of another reference]." (SUF 26, 27.) This is no better, as the Claim Charts do not articulate a reason for the purported combination. (*See, e.g.,* Ex. A, Exhibit 4 to Paulus Initial Report at *8 ("Further, it would be obvious to one skilled in the art to modify Rast

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 17 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

to include the acceleration sensor of Nakamichi.").) At most, the Claim Charts elaborate that a particular modification would be made because two references are purportedly "in the same art." (*See, e.g.,* Ex. A, Exhibit 9 to Paulus Initial Report at *2 ("It would have been obvious to a person having skill in the art at the time of the invention to modify the system disclosed in Young to include the fan blade assembly of Chen because they are in the same art.").) Such is insufficient. *Microsoft Corp. v. Enfish, LLC*, 662 F. App'x 981, 990 (Fed. Cir. 2016) (there is insufficient evidence of a motivation to combine where the proponent of obviousness "gave no reason for the motivation of a person of ordinary skill to combine [two pieces of prior art] except that the references were directed to the same art or same techniques."); *Securus Techs., Inc. v. Glob. Tel Link Corp.*, 701 F. App'x 971, 977 (Fed. Cir. 2017) ("a broad characterization of [two references] as both falling within the same alleged field…without more, is not enough for [a patent challenger] to meet its burden of presenting a sufficient rationale to support an obviousness conclusion.").

Finally, in regards to certain elements of the '859 Patent, the Claim Charts assert that "it would be obvious to a person of ordinary skill in the art to combine the safety link extensions of [a MacroAir document] with any of the blade retainers to have a single piece instead of two separate pieces." (SUF 27.) Yet even here, MacroAir fails to articulate **why** a POSITA would be motivated to combine two pieces into one. MacroAir does not so much as give a reason why a POSITA would believe a "single piece" is preferable to "two separate pieces." *Cordis Corp.*, 511 F.3d at 1172. ("The mere fact that the prior art can be modified does not make the modification obvious unless the prior art suggests the desirability of the modification.").

The Federal Circuit has repeatedly held this approach to be improper and insufficient to articulate a *prima facie* case of obviousness. *In re Mahurkar,* 831 F.Supp. at 1374-75; *Panduit Corp*., 810 F.2d at 1568.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 18 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

3.    **MacroAir Has Not Offered Obviousness Testimony from the Perspective of a POSITA to Establish Teaching, Motivation or Suggestion to Combine**.

Obviousness of a patent claim is an issue that must be determined from the perspective of a POSITA. *See Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) ("[T]he test requires an inquiry from the perspective of a person of ordinary skill in the art"); *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1374 (Fed. Cir. 2011) ("Whether prior art invalidates a patent claim as obvious is determined from the perspective of one of ordinary skill in the art."). Here, MacroAir and Paulus have failed to provide any testimony as to how a POSITA would view any particular reference.

As Paulus admitted during his deposition, he failed to articulate the level of skill possessed by a POSITA. (Ex. B, Paulus Deposition at 77:12-24, 150:18-23, 151:13-18, 152:12-15, 153:17-23.)  Without making that threshold determination, he cannot provide a meaningful opinion on obviousness. *See Innovention Toys, LLC v. MGA Entm't, Inc.*, 637 F.3d 1314, 1323 (Fed. Cir. 2011) (holding that a "determination of obviousness requires a factual finding of the level of ordinary skill in the art" and explaining that a district court's evaluation of obviousness in the absence of evidence of the level of ordinary skill constitutes error); *Star Scientific*, 655 F.3d at 1374 ("Whether prior art invalidates a patent claim as obvious is determined from the perspective of one of ordinary skill in the art.").

C.    <u>**MacroAir Cannot Meet Its Burden of Proving that Any of the Asserted Claims of the Asserted Patents are Indefinite, Lack Written Description, Are Directed to Unpatentable Subject Matter, or Are Otherwise Invalid**</u>.

The Paulus Initial Report does not set forth any opinions regarding indefiniteness, written description, or patentable subject matter in relation to the Asserted Patents. (SUF 39.) However, the Claim Charts and MacroAir's Invalidity

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 19 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

Contentions contain references to particular claims and/or claim elements of the '649 Patent being directed to unpatentable subject matter, along with unsupported assertions that elements are indefinite. (Ex. A, Exhibits 4 and 5 to the Paulus Initial Report; Ex. C, Invalidity Contentions at Exhibits A and B.) MacroAir's unsupported assertions in the Claim Charts are insufficient to create a triable issue of fact.

### 1. MacroAir's indefiniteness assertions are conclusory, self-contradictory, and unsupported by expert testimony.

MacroAir's Invalidity Contentions raise only two indefiniteness challenges under 35 U.S.C.§ 112, each of which is facially deficient.

*First*, MacroAir asserts that claim 5 of the '649 Patent is "[i]nvalid for indefiniteness," alleging that "[i]t is unclear what the sensors comprise further comprise an impact sensor is intended to mean." (Ex. C, Exhibit A to Invalidity Contentions at *10; Exhibit B to Invalidity Contentions at *13.) MacroAir's challenge is based on the duplicative use of the wording "comprise" ('649 Patent, Claim 5 (reciting "comprise further comprise")). This is nothing more than an obvious typographic error. MacroAir has not provided evidence that the meaning of this term is subject to reasonable debate, nor pointed to anything in the prosecution history that would suggest a meaning other than that the first instance of the duplicated wording "comprise" is a scrivener's error. (SUF 29.) This is insufficient to render a claim indefinite and may be corrected by the Court. *Guangzhou Yucheng Trading Co. v. Dbest Prods., Inc.*, No. 2:21-cv-04758-JVS (JDEx), 2022 WL 2102114, at *13 (C.D. Cal. Apr. 26, 2022) (holding defendant had "not carried its burden by clear and convincing evidence to show indefiniteness" regarding a typographical error because "[r]ead in the context of the surrounding claim language… a person of ordinary skill in the art can infer" the meaning of the claim and "[n]othing in the intrinsic record or otherwise suggests that a person of ordinary skill in the art would not understand this limitation"); *Novo Indus., L.P. v. Micro*

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES
VP/#57311237

- 20 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

1  *Molds Corp.*, 350 F.3d 1348, 1357 (Fed. Cir. 2003) (A "district court can correct a

2  patent only if (1) the correction is not subject to reasonable debate based on

3  consideration of the claim language and the specification and (2) the prosecution

4  history does not suggest a different interpretation of the claims.").

5       *Second*, MacroAir asserts that claim 11 of the '649 Patent is "[i]nvalid for

6  indefiniteness" arguing that "[c]laim 11 is indefinite and contradictory that a

7  plurality of sensors comprise a single temperature sensor. It is contradictory that the

8  plurality of sensors that comprise a rotation sensor of claim 7 further comprise a

9  temperature sensor. Instead, it should say 'at least one of the plurality of sensors

10  further comprise...'" (Ex. C., Exhibit A to Invalidity Contentions at *19.)

11  MacroAir's allegations are based on a misunderstanding of the law. Claim 7 recites

12  in relevant part "A fan system, wherein the fan system comprises... (e) a plurality

13  of sensors, wherein the sensors are configured to sense a plurality of parameters

14  associated with operation of the fan system...wherein the sensors comprise a

15  rotation sensor configured to sense rotation of the motor." (ECF No. 59-2 ('649

16  Patent) at 28:60-29:10.). Claim 11 further recites "wherein the plurality of sensors

17  further comprise a temperature sensor configured to detect the temperature of a

18  component of the fan system." (ECF No. 59-2 ('649 Patent) at 29:20-22.) The term

19  "comprise" is open ended and claim 11—read in combination with claim 7, from

20  which it depends—clearly recites that the plurality of sensors comprises ***both*** a

21  temperature sensor ***and*** a rotation sensor. *See, e.g., Phx. Licensing, LLC v. Advance

22  Am.*, No. 2:15-CV-1367-JRG-RSP, 2016 U.S. Dist. Lexis 147141, at *38 (E.D.

23  Tex. Oct. 24, 2016) (holding the phrase "data outputs comprise [of] at least two

24  components" not indefinite, contrary to defendants' assertion that it was unclear

25  "whether (1) each data output comprises at least two components, or (2) the data

26  outputs collectively comprise at least two components."). Thus, an embodiment

27  with ***one*** temperature sensor and a rotation sensor would obviously still have a

28  "plurality of sensors." (SUF 30.) MacroAir provides no evidence (including,

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES
VP/#57311237

- 21 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

tellingly, no expert testimony) to establish that a POSITA would have any difficulty understanding this straightforward construct.

Regardless, MacroAir has not presented any expert testimony indicating that a POSITA would be incapable of understanding claims 5 or 11 of the '649 Patent. (SUF 39.) As such, MacroAir cannot meet its burden to establish invalidity by clear and convincing evidence. *Personalized Media*, 161 F.3d at 705 ("Determining whether a claim is definite requires an analysis of whether one skilled in the art would understand the bounds of the claim when read in light of the specification. If the claims read in light of the specification reasonably apprise those skilled in the art of the scope of the invention, § 112 demands no more.") (internal quotation marks omitted).

### 2. MacroAir's abstractness assertions are legally insufficient.

MacroAir's Invalidity Contentions include general, conclusory assertions that each of the asserted claims of the '649 Patent are invalid under 35 U.S.C. § 101. However, the associated claim charts contained therein clearly demonstrate that MacroAir is incapable of meeting its burden.

The discussion of Section 101 provided in the Invalidity Contentions relates solely to dependent claim 5, where MacroAir asserts that there is "[n]o inventive step in this claim element (common commercial part, sensors)." (Ex. C, Exhibit A to Invalidity Contentions at *10; Exhibit B to Invalidity Contentions at *13.) The Invalidity Contentions do not contain any discussion of Section 101 in connection with either independent claim 1 or any asserted claim of the '649 Patent ***other than*** dependent claim 5. (Ex. C, Exhibits A and B to Invalidity Contentions.) MacroAir's contention necessarily fails as a matter of law. As MacroAir has not put forward an assertion that claim 1 (from which claim 5 depends) is invalid under Section 101, it cannot demonstrate that dependent claim 5 is invalid under Section 101. 35 U.S.C. § 112(d) ("A claim in dependent form shall be construed to

incorporate by reference all the limitations of the claim to which it refers.");
(SUF 39.)

> ### 3. MacroAir cannot introduce new invalidity theories not already set forth in its Invalidity Contentions without a showing of good cause.

MacroAir's Invalidity Contentions do not include any other invalidity assertions against the Asserted Patents under Section 101 or 112 (or the unspecified "other judicial doctrine of invalidity" referenced in the Counterclaims). As discussed above, MacroAir cannot now put forward new invalidity theories without a showing of good cause. Patent L.R. (N.D. Cal.) 3-6 ("Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause."). Regardless, MacroAir has not advanced any testimony regarding those unspecified theories. (SUF 39.) MacroAir cannot meet its burden to show invalidity under these unarticulated theories and summary judgment is appropriate. *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-05341-YGR, 2014 WL 690161, at *1 (N.D. Cal. Feb. 21, 2014) ("Any invalidity theories not disclosed pursuant to Local Rule 3-3 are barred . . . from presentation at trial (whether through expert opinion testimony or otherwise).").

## V. <u>CONCLUSION</u>

BAF respectfully requests that the Court grant BAF's Motion on MacroAir's affirmative defenses and counterclaims of invalidity as MacroAir cannot establish any of its invalidity challenges by clear and convincing evidence. BAF further requests that the Court award BAF its reasonable attorneys' fees incurred defending against MacroAir's baseless and unsupported claims.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311237

- 23 -

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

Respectfully submitted,

Dated:      August 29, 2022      **VEDDER PRICE (CA), LLP**


By: /s/ Maura Riley
         Maura Riley

Attorneys for Plaintiff and Counter-
Defendant
DELTA T LLC D/B/A BIG ASS FANS

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

- 24 -      BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY

VP/#57311237

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this 29th day of August 2022, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

/s/  Maura Riley

BAF'S MEMORANDUM OF POINTS AND
AUTHORITIES ISO MSJ RE VALIDITY