1   **VEDDER PRICE (CA), LLP**
2   Maura Riley, Bar No. 319826
    mriley@vedderprice.com
3   1925 Century Park East, Suite 1900
    Los Angeles, California 90067
    T: +1 424 204 7700
4   F: +1 424 204 7702

5   **VEDDER PRICE P.C.**
    John K. Burke (*Pro Hac Vice*)
6   jburke@vedderprice.com
    Michael J. Turgeon (*Pro Hac Vice*)
7   mturgeon@vedderprice.com
    Daniel H. Shulman (*Pro Hac Vice*)
8   dshulman@vedderprice.com
    222 N. LaSalle Street
9   Chicago, Illinois 60601
    T: +1 312-609-7500
10  F: +1 312-609-5001

11  *Attorneys for Plaintiff and Counter-Defendant*
    DELTA T LLC D/B/A BIG ASS FANS
12
                    UNITED STATES DISTRICT COURT
13
                    CENTRAL DISTRICT OF CALIFORNIA
14

15  Delta T LLC d/b/a Big Ass Fans,          Case No. 5:20-cv-00728-GW-GJS

16                  Plaintiff,               **DELTA T LLC'S STATEMENT
                                             OF UNDISPUTED FACTS AND
17          v.                               CONCLUSIONS OF LAW IN
                                             SUPPORT OF MOTION FOR
18  MacroAir Technologies, Inc.,             PARTIAL SUMMARY
                                             JUDGMENT OF NO
19                  Defendant.               INVALIDITY**

20  ─────────────────────────────           **District Judge: George H. Wu**
                                             Magistrate Judge: Gail J. Standish
21  MacroAir Technologies, Inc.,
                                             Date: October 20, 2022
22                  Counter-Plaintiff,       Time: 8:30 a.m.
                                             Place: Courtroom 9D
23          v.

24  Delta T LLC d/b/a Big Ass Fans,

25                  Counter-Defendant.

26

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311684

BAF'S SUF ISO MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY

Plaintiff and Counter-Defendant Delta T LLC d/b/a Big Ass Fans ("BAF"), pursuant to Local Rule 56-1 and the Court's Standing Orders, respectfully submits the following Statement of Undisputed Facts and Conclusions of Law ("SUF") in Support of its Motion for Partial Summary Judgement.

## STATEMENT OF UNDISPUTED FACTS

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1.     On April 8, 2020, BAF filed its Complaint against MacroAir for infringement of U.S. Patent No. 9,458,859 (the "'859 Patent"), U.S. Patent No. 8,672,649 (the "'649 Patent"), and U.S. Patent No. 8,900,041 (the "'041 Patent"). | ECF No. 1 (BAF's original Complaint for Patent Infringement). |
| 2.     MacroAir's Third Amended Counterclaims (the "Counterclaims") are its operative pleading. The Counterclaims purport to plead defenses of invalidity and seek declaratory judgment of invalidity against the asserted claims of the Asserted Patents under 35 U.S.C. §§ 101, 102, 103, and 112 and/or some unspecified "other judicial doctrine of invalidity." | Counterclaims, ECF No. 69 at ¶¶ 19-24, 36. |
| 3.     The U.S. Patent and Trademark Office issued the '649 Patent on March 18, 2014. | ECF No. 59 (BAF's First Amended Complaint for Patent Infringement ("FAC")), ¶ 17. ECF No. 59-2 ('649 Patent). |

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311684

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| | ECF No. 69 (MacroAir's Third Amended Answer ("Answer")), ¶ 16. Ex. A, Paulus Initial Report at ¶ 111 |
| 4.   BAF owns all right, title, and interest in the '649 Patent. | ECF No. 59 (BAF's FAC), ¶ 17. ECF No. 59-2 ('649 Patent). ECF No. 69, Prayer for Relief at ¶ B Ex. A, Paulus Initial Report at ¶ 117 |
| 5.   The U.S. Patent and Trademark Office issued the '041 patent on December 2, 2014. | ECF No. 59 (BAF's FAC), ¶ 18. ECF No. 59-3 ('041 Patent). ECF No. 69 (MacroAir's Answer), ¶ 18. |
| 6.   BAF owns all right, title, and interest in the '041 Patent. | ECF No. 59 (BAF's FAC), ¶ 18. ECF No. 59-3 ('041 Patent). ECF No. 69, Prayer for Relief at ¶ B Ex. A to Riley Decl., Paulus Initial Report at ¶ 117 |
| 7.   The U.S. Patent and Trademark Office issued the '859 patent on October 4, 2016. | ECF No. 59 (BAF's FAC), ¶ 17. ECF No. 59-1 ('859 Patent). ECF No. 69 (MacroAir's Answer), ¶ 17. |
| 8.   BAF owns all right, title, and interest in the '859 Patent. | ECF No. 59 (BAF's FAC), ¶ 16. ECF No. 59-1 ('859 Patent). ECF No. 69, Prayer for Relief at ¶ B Ex. A to Riley Decl., Paulus Initial Report at ¶ 120 |
| 9.   The parties agreed to have the Court apply the Patent Local Rules of | ECF No. 28 (Joint Written Report under FRCP 25(f)) at 2:9-11. |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| the Northern District of California in this action (except as to damages contentions and responsive damages contentions), and the Court concurred. | ECF No. 31 (Minutes of Telephonic Scheduling Conference). |
| 10.    Under Patent L.R. 3-3, MacroAir was required to provide, in its invalidity contentions: (a) the "identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious"; (b) "[w]hether each item of prior art anticipates each asserted claim or renders it obvious" and "[i]f obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness"; (c) "[a] chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found"; and (d) "[a]ny grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims." | Patent L.R. 3-3(a)-(d) of the Northern District of California.<br>ECF No. 28 (Joint Written Report under FRCP 25(f)) at 2:9-11.<br>ECF No. 31 (Minutes of Telephonic Scheduling Conference). |
| 11.    Under Patent L.R. 3-6, MacroAir | Patent L.R. 3-6 of the Northern District |

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311684

BAF'S SUF ISO MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| is only permitted to amend its invalidity contentions "by order of the Court upon a timely showing of good cause." | of California. ECF No. 28 (Joint Written Report under FRCP 25(f)) at 2:9-11. ECF No. 31 (Minutes of Telephonic Scheduling Conference). |
| 12. MacroAir served MacroAir's Patent L.R. 3-3 and 3-4 Disclosures containing its invalidity contentions (MacroAir's "Invalidity Contentions") on September 28, 2020. A copy of the claim charts containing MacroAir's Invalidity Contentions was attached as Exhibit 4 to the Counterclaims. | Ex. C to Riley Decl., MacroAir's Invalidity Contentions ECF No. 69-4. |
| 13. MacroAir's Invalidity Contentions include six claim charts as Exhibits A through F (the "Invalidity Contention Charts"), of which (i) Exhibits A and B are directed towards the '649 Patent (the "'649 Patent Contentions"); (ii) Exhibits C and D are directed towards the '041 Patent (the "'041 Patent Contentions"); and (iii) Exhibits E and F are directed towards the '859 Patent (the ""'859 Patent Contentions"). | Ex. C to Riley Decl., MacroAir's Invalidity Contentions; *see also* ECF No. 69-4. |
| 14. MacroAir has neither | Ex. 1, Riley Decl. at ¶ 6. |

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES
VP/#57311684

BAF'S SUF ISO MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
| --- | --- |
| supplemented its Invalidity Contentions nor sought leave of the Court to do so. | |
| 15.   The '649 Patent Contentions do not identify any MacroAir products that are alleged to be prior art to the '649 Patent. | Ex. C to Riley Decl., Invalidity Contentions at Exhibits A and B; *see also* ECF No. 69-4. |
| 16.   The '859 Patent Contentions do not identify any MacroAir products that are alleged to be prior art to the '849 Patent. | Ex. C to Riley Decl., Invalidity Contentions at Exhibits A and B; *see also* ECF No. 69-4 at Exhibits E and F. |
| 17.   MacroAir's invalidity contentions do not expressly assert that any one reference is anticipatory, and Exhibits A, C, D, and F to MacroAir's Invalidity Contentions do not identify a single reference that teaches each and every element of the respective Asserted Patent discussed therein. | Ex. C to Riley Decl., Invalidity Contentions at Exhibits A and B; *see also* ECF No. 69-5 at Exhibits A, C, D and F. |
| 18.   The initial expert report MacroAir's proffered technical expert, David C. Paulus ("Paulus"), served on March 10, 2022 (the "Paulus Initial Report"), included claim charts directed towards the Asserted Patents as Exhibits 4 through 6 and 8-10 (the "Claim Charts"). | Ex. A to Riley Decl., Exhibits 4-6 and 8-10 to Paulus Initial Report. |
| 19.   Each of the Claim Charts is | Ex. A to Riley Decl., Exhibit 4 to |

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311684

- 6 -

BAF'S SUF ISO MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| captioned as being "DEFENDANT'S INVALIDITY CONTENTIONS CLAIM CHART" with respect to a particular BAF patent:   (i) Exhibits 4 and 5 are directed to the '649 Patent (the "'649 Charts"); (ii) Exhibit 6 is directed to the '041 Patent (the "'041 Chart"); and (iii) Exhibits 8-10 are directed to the '859 Patent (the "'859 Charts").. | Paulus Initial Report at *1.<br>Ex. A to Riley Decl., Exhibit 5 to Paulus Initial Report at *1.<br>Ex. A to Riley Decl., Exhibit 6 to Paulus Initial Report at *1.<br>Ex. A to Riley Decl., Exhibit 8 to Paulus Initial Report at *1.<br>Ex. A to Riley Decl., Exhibit 9 to Paulus Initial Report at *1.<br>Ex. A to Riley Decl., Exhibit 10 to Paulus Initial Report at *1. |
| 20.      Unlike the '649 Invalidity Charts, the '649 Charts reference MacroAir documents as being prior art to the '649 Patent. | Ex. C to Riley Decl., Invalidity Contentions at Exhibits A and B; *see also* ECF No. 69-4 at Exhibits A and B.<br>Ex. A to Riley Decl., Exhibit 4 to Paulus Initial Report at *1-2.<br>Ex. A to Riley Decl., Exhibit 5 to Paulus Initial Report at *1-2. |
| 21.      The '649 Charts include citations to "MacroAir UL Certified fans, UL 507 Electric Fans" and "UL 1995 Heating and Cooling Equipment." | Ex. A to Riley Decl., Exhibits 4 and 6 to Paulus Initial Report. |
| 22.      The "MacroAir UL Certified fans, UL 507 Electric Fans" and "UL 1995 Heating and Cooling Equipment" cited in the '649 Claim Charts are not | Ex. C to Riley Decl., Invalidity Contentions at Exhibits A and B; *see also* ECF No. 69-4 at Exhibits A and B. |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| identified in MacroAir's Invalidity Contentions. | |
| 23.    The '859 Charts include citations to "MacroAir Technologies Installation manual MA010456-467," "'10 blade retainer link' MA010468", "'Shroud and Hub Cover Installation Instructions' MA010627", "'How to Install Safety Link Extensions' MA002426", and "'Blade Brace' MA001970." | Ex. A to Riley Decl., Exhibits 8-10 to Paulus Initial Report. |
| 24.    The "MacroAir Technologies Installation manual MA010456-467," "'10 blade retainer link' MA010468", "'Shroud and Hub Cover Installation Instructions' MA010627", "'How to Install Safety Link Extensions' MA002426", and "'Blade Brace' MA001970" cited in the '859 Claim Charts are not identified in MacroAir's Invalidity Contentions. | Ex. C to Riley Decl., Exhibits D and E to Invalidity Contentions |
| 25.    The Paulus Initial Report itself does not contain any opinions that a single document is anticipatory to any Asserted Patent. | Ex. A to Riley Decl., Paulus Initial Report |
| 26.    Regarding the '649 Patent and '041 Patent, the only explanation | Ex. A to Riley Decl., Exhibits 4-6 to Paulus Initial Report. |

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311684

- 8 -

BAF'S SUF ISO MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| provided in the Claim Charts as to how or why a particular reference would be combined with or modified by another reference are the boilerplate statements:<br><br>    (a)   "[t]o the extent that it is determined that this limitation is not disclosed by [a first reference], it would have been obvious to a person of ordinary skill in the art to combine the teachings of [one or more other references] with the teachings of [the first reference] to arrive at the claimed invention" and<br><br>    (b)   "it would have been obvious to a person having skill in the art at the time of the invention to modify the system disclosed in [a first reference] to include [a feature of another reference]." | |
| 27.    Regarding the '859 Patent, the only explanation provided in the Claim Charts as to how or why a particular reference would be combined with or modified by another reference are the boilerplate statements:<br><br>    (a)   "[t]o the extent that it is determined that this limitation is not disclosed by [a first reference], it would have been obvious to a person of ordinary skill in the art to combine the teachings of [one or more other references] with the teachings of [the | Ex. A to Riley Decl., Exhibits 8-10 to Paulus Initial Report. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| first reference] to arrive at the claimed invention"; <br><br> (b) "it would have been obvious to a person having skill in the art at the time of the invention to modify the system disclosed in [a first reference] to include [a feature of another reference]"; and <br><br> (c) "Specifically it would be obvious to a person of ordinary skill in the art to combine the safety link extensions of [a MacroAir document] with any of the blade retainers to have a single piece instead of two separate pieces." | |
| 28.   The boilerplate statement "[t]o the extent that it is determined that this limitation is not disclosed by [a first reference], it would have been obvious to a person of ordinary skill in the art to combine the teachings of [one or more other references] with the teachings of [the first reference] to arrive at the claimed invention" appears in the Claim Charts over 130 times. | Ex. A to Riley Decl., Exhibits 4-6 and 8-10 to Paulus Initial Report. |
| 29.   The phrase "the sensors comprise further comprise an impact sensor" as used in of Claim 5 of the '649 Patent is not unclear. | ECF No. 59-2 ('649 Patent) at 28:53-55. |
| 30.   The phrase "wherein the plurality | ECF No. 59-2 ('649 Patent) at 29:20- |

VEDDER PRICE (CA), LLP <br> ATTORNEYS AT LAW <br> LOS ANGELES <br><br> VP/#57311684

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| of sensors further comprise a temperature sensor" as used in of Claim 11 of the '649 Patent is not unclear. | 22. |
| 31.   Claim 5 of the '649 Patent depends from Claim 1 and incorporates all of the limitations of Claim 1. | ECF No. 59-2 ('649 Patent) at 28:53-55. |
| 32.   Paulus did not rely on any items in forming his opinions on invalidity other than those expressly identified in the Paulus Initial Report. | Ex. B to Riley Decl., Paulus Dep. at 75:1-12, 75:23-76:1.<br>Ex. A to Riley Decl., Paulus Initial Report at ¶ 5. |
| 33.   Paulus reached his conclusions on invalidity without determining the level of skill possessed by a POSITA. | Ex. B to Riley Decl., Paulus Dep. at 77:12-24, 150:18-23, 151:13-18, 152:12-15, 153:17-23. |
| 34.   Paulus does not identify any specific MacroAir products that are asserted to be prior art to the '649 Patent. | Ex. A to Riley Decl., Paulus Initial Report. |
| 35.   The Paulus Initial Report alleges that the prior art to the '649 Patent includes unspecified products being used and sold by MacroAir without identifying those products (the "Alleged MA '649 Products". | Ex. A to Riley Decl., Paulus Initial Report at ¶ 113. |
| 36.   The Paulus Initial Report does not explain how Paulus formed the | Ex. A to Riley Decl., Paulus Initial Report at ¶ 113. |

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| belief that the "Alleged MA '649 Products "MacroAir will testify we in use and on sale by early 2006." | |
| 37.    The Paulus Initial Report alleges that the prior art to the '859 Patent includes unspecified products being used and sold by MacroAir without identifying those products (the "Alleged MA '859 Products". | Ex. A to Riley Decl., Paulus Initial Report at ¶ 124. |
| 38.    The Paulus Initial Report does not explain how Paulus formed the belief that the "Alleged MA '859 Products "MacroAir will testify we in use and on sale by early 2006." | Ex. A to Riley Decl., Paulus Initial Report at ¶ 124. |
| 39.    The Paulus Initial Report does not set forth any opinions regarding indefiniteness, written description, or patentable subject matter in relation to the Asserted Patents. | Ex. A to Riley Decl., Paulus Initial Report. |

## CONCLUSIONS OF LAW

Based on the foregoing Uncontroverted Facts, the following Conclusions of Law should be made:

## I.    MacroAir's Declaratory Judgment Claim and Defenses of Patent Invalidity

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311684

- 12 -

BAF'S SUF ISO MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY

1.      An issued patent is presumed valid. 35 U.S.C. § 282. Overcoming this presumption requires clear and convincing evidence. *Microsoft Corp. v. i4i Ltd.*, 564 U.S. 91, 95 (2011).

**A.    Anticipation (35 U.S.C. § 102)**

2.      A party may show that a patent claim is invalid by showing that the patent claim was anticipated by alleged prior art. 35 U.S.C. § 102. A party asserting that a patent claim was anticipated must show that a single prior art reference disclosed every claim limitation arranged or combined in the same way as recited in the patent claim. *Therasense, Inc. v. Becton, Dickinson & Co*., 593 F.3d 1325, 1332-33 (Fed. Cir. 2010).

3.      MacroAir lacks clear and convincing evidence that any claims of the '649 Patent (including asserted claims 5-7, 10-13, and 15-16) are anticipated by any of the purported prior art references identified in MacroAir's Invalidity Contentions, the Paulus Initial Report, or the Claim Charts attached to the Paulus Initial Report and therefore the claims of the '649 Patent are not invalid under 35 U.S.C. §102 (anticipation).

4.      The claims of the '649 Patent (including asserted claims 5-7, 10-13, and 15-16) are not invalid based on the Alleged MA '649 Products under 35 U.S.C. §102 (anticipation) as alleged in the Paulus Initial Report and/or the Claim Charts attached to the Paulus Initial Report because MacroAir cannot meet the high burden of establishing by clear and convincing evidence that (i) the Alleged MA '649 Products were publicly used or sold prior to March 6, 2007 (much less October 10, 2006) or (ii) any single one of such products implicitly show each and every element of such claims.

5.      The claims of the '649 Patent (including asserted claims 5-7, 10-13, and 15-16) are not invalid based on any other references identified in the Invalidity Contentions, the Paulus Initial Report, and/or the Claim Charts attached to the Paulus Initial Report under 35 U.S.C. §102 (anticipation) because MacroAir cannot meet the

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311684

- 13 -

BAF'S SUF ISO MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY

high burden of establishing by clear and convincing evidence that any single reference implicitly shows each and every element of such claims.

6.      BAF is entitled to partial summary judgment in its favor on MacroAir's theories of invalidity of the '649 Patent under 35 U.S.C. §102 (anticipation).

7.      MacroAir lacks clear and convincing evidence that claims 1-12 of the '014 Patent are anticipated by any of the purported prior art references identified in MacroAir's Invalidity Contentions, the Paulus Initial Report, or the Claim Charts attached to the Paulus Initial Report and therefore the claims of the '041 Patent are not invalid under 35 U.S.C. § 102 (anticipation).

8.      Claims 1-12 of the '014 Patent are not invalid based on any references identified in the Invalidity Contentions, the Paulus Initial Report, and/or the Claim Charts attached to the Paulus Initial Report under 35 U.S.C. § 102 (anticipation) because MacroAir cannot meet the high burden of establishing by clear and convincing evidence that any single reference implicitly shows each and every element of such claims.

9.      BAF is entitled to partial summary judgment in its favor on MacroAir's theories of invalidity of the '041 Patent under 35 U.S.C. §102 (anticipation).

10.     MacroAir lacks clear and convincing evidence that claims 1-18 of the '859 Patent are anticipated by any of the purported prior art references identified in MacroAir's Invalidity Contentions, the Paulus Initial Report, or the Claim Charts attached to the Paulus Initial Report and therefore the claims of the '859 Patent are not invalid under 35 U.S.C. §102 (anticipation).

11.     Claims 1-18 of the '859 Patent are not invalid based on the Alleged MA '859 Products under 35 U.S.C. §102 (anticipation) as alleged in the Paulus Initial Report and/or the Claim Charts attached to the Paulus Initial Report because MacroAir cannot meet the high burden of establishing by clear and convincing evidence that (i) the Alleged MA '859 Products were publicly used or sold prior to

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311684

- 14 -

BAF'S SUF ISO MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY

July 15, 2012, (much less October 10, 2006) or (ii) any single one of such products implicitly shows each and every element of such claims.

12.   Claims 1-18 of the '859 Patent are not invalid based on any other references identified in the Invalidity Contentions, the Paulus Initial Report, and/or the Claim Charts attached to the Paulus Initial Report under 35 U.S.C. § 102 (anticipation) because MacroAir cannot meet the high burden of establishing by clear and convincing evidence that any single reference implicitly shows each and every element of such claims.

13.   BAF is entitled to partial summary judgment in its favor on MacroAir's theories of invalidity of the '859 Patent under 35 U.S.C. §102 (anticipation).

**B.   Obviousness (35 U.S.C. § 103)**

14.   A patent claim is invalid under 35 U.S.C § 103 only if "the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains" (a "POSITA"). 35 U.S.C. § 103(a); *Procter & Gamble Co. v. Teva Pharm. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009).

15.   A party seeking to invalidate a patent based on obviousness must demonstrate "by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so." *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1361 (Fed. Cir. 2007).

16.   "If the prior art references as a whole do not teach, suggest or motivate [a suggested] combination, then they may not be combined. The mere fact that the prior art can be modified does not make the modification obvious unless the prior art suggests the desirability of the modification." *Cordis Corp. v. Medtronic, Inc.*, 511 F.3d 1157, 1172 (Fed. Cir. 2008).

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311684

- 15 -

BAF'S SUF ISO MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY

17.     The opinions on obviousness expressed by Paulus are mere conclusory, boilerplate assertions.  Such are insufficient to demonstrate obviousness by clear and convincing evidence. *NTP, Inc. v. Research in Motion, Ltd*., 418 F.3d 1282, 1325 (Fed. Cir. 2005) (holding an expert's conclusory testimony was insufficient to meet the high burden of clear and convincing evidence with respect to obviousness); *Upjohn Co. v. Mova Pharm. Corp.*, 225 F.3d 1306, 1311 (Fed. Cir. 2000) (an obvious determination requires some evidentiary support beyond an expert's conclusory opinion).

18.     MacroAir lacks clear and convincing evidence that any claims of the '649 Patent (including asserted claims 5-7, 10-13, and 15-16) are rendered obvious by any of the purported prior art references identified in MacroAir's Invalidity Contentions, the Paulus Initial Report, or the Claim Charts attached to the Paulus Initial Report (whether considered alone, in combination, and/or in connection with the general knowledge of a POSITA) and therefore the claims of the '649 Patent are not invalid under 35 U.S.C. § 103 (obviousness).

19.     The claims of the '649 Patent (including asserted claims 5-7, 10-13, and 15-16) are not invalid based on the Alleged MA '649 Products under 35 U.S.C. §103 (obviousness) as alleged in the Paulus Initial Report and/or the claim charts attached to the Paulus Initial Report, whether considered alone or in combination with any other purported prior art references identified therein, because MacroAir cannot meet the high burden of establishing by clear and convincing evidence that (i) the Alleged MA '649 Products were publicly used or sold prior to March 6, 2007 (much less October 10, 2006); (ii) such products teach or suggest any elements of such claims; or (iii) that a POSTIA acting at the relevant time would have been motivated to combine the teachings of the Alleged MA '649 Product to achieve the claimed invention, and that the POSITA would have had a reasonable expectation of success in doing so.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311684

- 16 -

BAF'S SUF ISO MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY

20.     The claims of the '649 Patent (including asserted claims 5-7, 10-13, and 15-16) are not invalid based on any references identified in the Invalidity Contentions, the Paulus Initial Report, and/or the Claim Charts attached to the Paulus Initial Report under 35 U.S.C. § 103 (anticipation) because MacroAir cannot meet the high burden of establishing by clear and convincing evidence that a POSTIA acting at the relevant time would have been motivated to combine the teachings of such references to achieve the claimed invention, and that the POSITA would have had a reasonable expectation of success in doing so.

21.     BAF is entitled to partial summary judgment in its favor on MacroAir's theories of invalidity of the '649 Patent under 35 U.S.C. § 103 (anticipation).

22.     MacroAir lacks clear and convincing evidence that claims 1-12 of the '014 Patent are rendered obvious by any of the purported prior art references identified in MacroAir's Invalidity Contentions, the Paulus Initial Report, or the Claim Charts attached to the Paulus Initial Report (whether considered alone, in combination, and/or in connection with the general knowledge of a POSITA) and therefore the claims of the '649 Patent are not invalid under 35 U.S.C. § 103 (obviousness).

23.     Claims 1-12 of the '014 Patent are not invalid based on any references identified in the Invalidity Contentions, the Paulus Initial Report, and/or the Claim Charts attached to the Paulus Initial Report (whether considered alone or in combination) under 35 U.S.C. § 103 (anticipation) because MacroAir cannot meet the high burden of establishing by clear and convincing evidence that any single reference implicitly shows each and every element of such claims.

24.     BAF is entitled to partial summary judgment in its favor on MacroAir's theories of invalidity of the '041 Patent under 35 U.S.C. §103 (obviousness).

25.     MacroAir lacks clear and convincing evidence that claims 1-18 of the '859 Patent rendered obvious by any of the purported prior art references identified in MacroAir's Invalidity Contentions, the Paulus Initial Report, or the Claim Charts

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311684

- 17 -

BAF'S SUF ISO MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY

attached to the Paulus Initial Report (whether considered alone, in combination, and/or in connection with the general knowledge of a POSITA) and therefore the claims of the '649 Patent are not invalid under 35 U.S.C. § 103 (obviousness).

26.     Claims 1-18 of the '859 Patent are not invalid based on the Alleged MA '859 Products under 35 U.S.C. § 103 (obviousness) as alleged in the Paulus Initial Report and/or the Claim Charts attached to the Paulus Initial Report because MacroAir cannot meet the high burden of establishing by clear and convincing evidence that (i) the Alleged MA '859 Products were publicly used or sold prior to July 15, 2012, (much less October 10, 2006); (ii) such products teach or suggest any elements of such claims; or (iii) that a POSTIA acting at the relevant time would have been motivated to combine the teachings of the Alleged MA '859 Product to achieve the claimed invention, and that the POSITA would have had a reasonable expectation of success in doing so.

27.     Claims 1-18 of the '859 Patent are not invalid based on any references identified in the Invalidity Contentions, the Paulus Initial Report, and/or the Claim Charts attached to the Paulus Initial Report under 35 U.S.C. § 103 (anticipation) because MacroAir cannot meet the high burden of establishing by clear and convincing evidence that any single reference implicitly shows each and every element of such claims.

28.     BAF is entitled to partial summary judgment in its favor on MacroAir's theories of invalidity of the '859 Patent under 35 U.S.C. §103 (obviousness).

**C.     Indefiniteness / Written Description (35 U.S.C. § 112)**

29.     A claim is not indefinite unless it lacks a meaning discernible to one of ordinary skill in the art when construed according to correct principles. *Union Pac. Res. Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 692 (Fed. Cir. 2001).  "[T]he focus is on the objective test of what one of ordinary skill in the art at the time of the invention would have understood the term to mean." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 986 (Fed. Cir. 1995) (en banc).

30.   "Only when a claim remains insolubly ambiguous without a discernable meaning after all reasonable attempts at construction must a court declare it indefinite." *Metabolite Lab., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1366 (Fed. Cir. 2004).

31.   BAF is entitled to partial summary judgment in its favor on MacroAir's theories of invalidity of the '649 Patent under 35 U.S.C. § 112.

32.   MacroAir lacks clear and convincing evidence that any claim of the '649 Patent is insolubly ambiguous to a POSITA. In particular, MacroAir lacks clear and convincing evidence that claim 5 and/or claim 7 of the '649 Patent are insolubly ambiguous to a POSITA.

33.   BAF is entitled to partial summary judgment in its favor on MacroAir's theories of invalidity of the '041 Patent under 35 U.S.C. § 112.

34.   MacroAir has neither asserted in its Invalidity Contentions nor presented any evidence (much less clear and convincing evidence) that any claim of the '041 Patent is insolubly ambiguous to a POSITA.

35.   BAF is entitled to partial summary judgment in its favor on MacroAir's theories of invalidity of the '859 Patent under 35 U.S.C. § 112.

36.   MacroAir has neither asserted in its Invalidity Contentions nor presented any evidence (much less clear and convincing evidence) that any claim of the '859 Patent is insolubly ambiguous to a POSITA.

**D.    Patentable Subject Matter (35 U.S.C. § 101)**

37.   To establish a claim is invalid under Section 101, MacroAir bears the burden to show by clear and convincing evidence that (1) the claim is directed at an abstract idea, and if so, (2) the claim is devoid of any inventive concept that adds to the abstract idea. *See Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 219-227.

38.   BAF is entitled to partial summary judgment in its favor on MacroAir's theories of invalidity of the '649 Patent under 35 U.S.C. § 101.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311684

- 19 -

BAF'S SUF ISO MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY

39.     MacroAir lacks clear and convincing evidence that any claim of the '649 Patent is directed at an abstract idea, and if so, that the claim is devoid of any inventive concept that adds to the abstract idea.

40.     In particular, MacroAir lacks clear and convincing evidence that dependent claim 5 of the '649 Patent is directed at an abstract idea or devoid of inventive concept.

41.     Further, Claim 5 incorporates all of the limitations of claim 1 from which it depends. 35 U.S.C. § 112(d) ("A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers."). MacroAir has not asserted—much less presented clear and convincing evidence— that claim 1 is invalid under Section 101.

42.     BAF is entitled to partial summary judgment in its favor on MacroAir's theories of invalidity of the '101 Patent under 35 U.S.C. § 112.

43.     MacroAir has neither asserted in its Invalidity Contentions nor presented any evidence (much less clear and convincing evidence) that any claim of the '041 Patent is directed at an abstract idea, and if so, that the claim is devoid of any inventive concept that adds to the abstract idea.

44.     BAF is entitled to partial summary judgment in its favor on MacroAir's theories of invalidity of the '859 Patent under 35 U.S.C. § 101.

45.     MacroAir has neither asserted in its Invalidity Contentions nor presented any evidence (much less clear and convincing evidence) that any claim of the '859 Patent is directed at an abstract idea, and if so, that the claim is devoid of any inventive concept that adds to the abstract idea.

**E.     Other Unspecified Invalidity Theories**

46.     MacroAir cannot now put forward new invalidity theories without a showing of good cause. Patent L.R. (N.D. Cal.) 3-6 ("Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause."); *MediaTek Inc. v. Freescale*

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311684

- 20 -

BAF'S SUF ISO MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY

1   *Semiconductor, Inc.*, No. 11-cv-05341-YGR, 2014 WL 690161, at *1 (N.D. Cal. Feb.

2   21, 2014) ("Any invalidity theories not disclosed pursuant to Local Rule 3-3 are

3   barred . . . from presentation at trial (whether through expert opinion testimony or

4   otherwise).").

5       47.    MacroAir has neither sought leave to supplement its Invalidity

6   Contentions nor presented evidence showing there is good cause for such

7   supplementation.

8                                   Respectfully submitted,

9   Dated:      August 29, 2022       **VEDDER PRICE (CA), LLP**

10

11                                  By: /s/ Maura Riley

12                                      Maura Riley

13                                  Attorneys for Plaintiff and Counter-
                                    Defendant,
14                                  DELTA T LLC D/B/A BIG ASS FANS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57311684

- 21 -      BAF'S SUF ISO MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY

1

## **CERTIFICATE OF SERVICE**

2

The undersigned hereby certifies that, on this 29th day of August 2022, the

3

foregoing document was electronically filed with the Clerk of Court using the

4

CM/ECF system, which will automatically send e-mail notification of such filing to

5

all attorneys of record.

6

7

8                                                      /s/  Maura Riley

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Vedder Price (CA), LLP
Attorneys at Law
Los Angelis

VP/#57311684

- 22 -                    BAF'S SUF ISO MOTION FOR SUMMARY
                         JUDGMENT OF NO INVALIDITY