1   **VEDDER PRICE (CA), LLP**
    Maura Riley, Bar No. 319826
2   mriley@vedderprice.com
    1925 Century Park East, Suite 1900
3   Los Angeles, California 90067
    T: +1 424 204 7700
4   F: +1 424 204 7702

5   **VEDDER PRICE P.C.**
    John K. Burke (*Pro Hac Vice*)
6   jburke@vedderprice.com
    Michael J. Turgeon (*Pro Hac Vice*)
7   mturgeon@vedderprice.com
    Daniel H. Shulman (*Pro Hac Vice*)
8   dshulman@vedderprice.com
    222 N. LaSalle Street
9   Chicago, Illinois 60601
    T: +1 312-609-7500
10  F: +1 312-609-5001

11  *Attorneys for Plaintiff and Counter-Defendant*
    DELTA T LLC D/B/A BIG ASS FANS
12
                    UNITED STATES DISTRICT COURT
13
                    CENTRAL DISTRICT OF CALIFORNIA
14

15  Delta T LLC d/b/a Big Ass Fans,           Case No. 5:20-cv-00728-GW-GJS

16              Plaintiff,                     **DELTA T LLC'S
                                              MEMORANDUM IN SUPPORT**
17      v.                                    **OF ITS MOTION TO EXCLUDE
                                              TESTIMONY OF DAVID C.**
18  MacroAir Technologies, Inc.,              **PAULUS ON ISSUES OF
                                              PATENT INVALIDITY**
19              Defendant.
                                             **District Judge: George H. Wu**
20  ─────────────────────────                Magistrate Judge: Gail J. Standish
21  MacroAir Technologies, Inc.,
                                             Date: October 20, 2022
22              Counter-Plaintiff,           Time: 8:30 a.m.
                                             Place: Courtroom 9D
23      v.

24  Delta T LLC d/b/a Big Ass Fans,

25              Counter-Defendant.

26
27
28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................... 1

II.  RELEVANT FACTUAL BACKGROUND ............................................. 2

A.   MacroAir's Invalidity Counterclaims ....................................... 2

B.   Paulus's Opinions .................................................................... 3

1.   Paulus's Opinions Regarding the '649 Patent ............................ 4

2.   Paulus's Opinions Regarding the '041 Patent ............................ 6

3.   Paulus's Opinions Regarding the '859 Patent ............................ 7

4.   Paulus's Opinions Regarding the Other BAF Patents ............... 9

III. LEGAL STANDARDS ......................................................................... 10

A.   Admissibility of Expert Testimony in General ...................... 10

B.   Requirements for a Reliable Patent Invalidity Opinion ........ 11

IV.  THE COURT SHOULD EXCLUDE PAULUS'S OPINIONS AS TO PATENT INVALIDITY AS UNRELIABLE, CONTRARY TO LAW AND INADMISSIBLE ......................................................................... 12

A.   Deficient validity opinions should be excluded under Daubert ........ 13

B.   Paulus's "opinions" on validity in his reports are nothing more than conclusory statements, unsupported by any analysis .................. 15

C.   The invalidity claim charts attached to the Paulus Initial Report "opinions" are also deficient ............................................................... 16

D.   The only apparent "motivation to combine" offered by Paulus impermissibly relies on the inventor's knowledge ........................... 18

E.   Paulus fails to articulate the level of skill possessed by a POSITA and thus fails to offer testimony from the necessary perspective ......................................................................................... 19

V.   THE COURT SHOULD EXCLUDE AND STRIKE PAULUS'S NEW OPINIONS ON INVALIDITY NOT SET FORTH IN MACROAIR'S INVALIDITY CONTENTIONS ........................................................... 20

VI.  CONCLUSION ..................................................................................... 22

VEDDER PRICE P.C.
ATTORNEYS AT LAW
CHICAGO

VP/#57657778

- i -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
    694 F.3d 1312 (Fed. Cir. 2012) ............................................................ 4

*Apple Inc. v. Samsung Electronics Co.*,
    No. 11-CV-01846-PSG, 2012 WL 2499929 (N.D. Cal. June 27,
    2012) ..................................................................................................... 24

*Arason Enterprises, Inc. v. CabinetBed Inc.*,
    Civil Action No. 16-cv-03001-PAB-NRN, 2019 WL 4597863 (D.
    Colo. 2019) ........................................................................................... 22

*Ariad Pharm., Inc. v. Eli Lilly & Co.*,
    598 F.3d 1336 (Fed. Cir. 2010) .......................................................... 22

*Avila v. Willits Env't Remediation Trust*,
    633 F.3d 828 (9th Cir. 2011) .............................................................. 13

*Cordelia Lighting, Inc. v. Zhejiang Yankon Grp. Co.*,
    No. EDCV14881JGBSPX, 2015 WL 12656241 (C.D. Cal. Apr. 27,
    2015) ............................................................................................... 17, 20

*Daubert v. Merrell Dow Pharm., Inc.*,
    43 F.3d 1311 (9th Cir. 1995) ........................................................*passim*

*DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick
    Co.*,
    464 F.3d 1356 (Fed. Cir. 2006) .......................................................... 15

*Elder v. Tanner*,
    205 F.R.D. 190 (E.D. Tex. 2001) ....................................................... 17

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
    No. 13-cv-03999-BLF, 2015 WL 3640694 (N.D. Cal. June 11,
    2015) ..................................................................................................... 24

*Finjan, Inc. v. Sophos, Inc.*,
    No. 14-cv-01197-WHO, 2016 WL 4560071 (N.D. Cal. Aug. 22,
    2016) ....................................................................................... 16, 17, 19

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELIS

- ii -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

VP/#57657778

*Gen. Elec. Co. v. Joiner*,
    522 U.S. 136 (1997) ........................................................................ 20

*Graham v. John Deere Co. of Kansas City*,
    383 U.S. 1 (1966) ........................................................................... 23

*Innogenetics, N.V. v. Abbott Labs.*,
    512 F.3d 1363 (Fed. Cir. 2008) ........................................ 4, 14, 16, 22

*Innovention Toys, LLC v. MGA Entm't, Inc.*,
    637 F.3d 1314 (Fed. Cir. 2011) ........................................................ 5

*Interconnect Planning Corp. v. Feil*,
    774 F.2d 1132 (Fed. Cir. 1985) ...................................................... 21

*InTouch Techs., Inc. v. VGO Commc'ns, Inc.*,
    751 F.3d 1327 (Fed. Cir. 2014) ........................................... 16, 18, 19

*In re Kahn*,
    441 F.3d 977 (Fed. Cir. 2006) ........................................................ 14

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
    No. 14-CV-00876-RS (JSC), 2018 WL 3646842 (N.D. Cal. Aug. 1,
    2018) ............................................................................................. 20

*Koito Mfg. Co. v. Turn-Key-Tech, LLC*,
    381 F.3d 1142 (Fed. Cir. 2004) ...................................................... 16

*KSR Int'l Co. v. Teleflex, Inc.*,
    550 U.S. 398 (2007) ........................................................ 4, 14, 15, 17

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999) ....................................................................... 20

*Kyocera Senco Indus. Tools Inc. v. ITC*,
    22 F.4th 1369 (Fed. Cir. 2022) ...................................................... 22

*Leo Pharm. Prods., Ltd. v. Rea*,
    726 F.3d 1346 (Fed. Cir. 2014) ...................................................... 21

*MediaTek Inc. v. Freescale Semiconductor, Inc.*,
    No. 11-cv-05341-YGR, 2014 WL 690161 (N.D. Cal. Feb. 21,
    2014) ............................................................................................. 23

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- iii -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

*Motorola Mobility, LLC v. International Trade Comm'n,*
 737 F.3d 1345 (Fed. Cir. 2013) ............................................................... 14

*Motorola, Inc. v. Interdigital Tech. Corp.,*
 121 F.3d 1461 (Fed. Cir. 1997) ............................................................... 17

*NTP, Inc. v. Research In Motion, Ltd.,*
 418 F.3d 1282 (Fed. Cir. 2005) ............................................................... 18

*Pfizer, Inc. v. Apotex, Inc.,*
 480 F.3d 1348 (Fed. Cir. 2007) ............................................................... 14

*Procter & Gamble Co. v. Teva Pharm. USA, Inc.,*
 566 F.3d 989 (Fed. Cir. 2009) ................................................................ 14

*Radware, Ltd. v. F5 Networks, Inc.,*
 2016 WL 590121 (N.D. Cal. 2016) .......................................................... 14

*Roton Barrier, Inc. v. Stanley Works,*
 79 F.3d 1112 (Fed.Cir.1996) ................................................................... 22

*Star Scientific, Inc. v. RJ Reynolds Tobacco Co.,*
 537 F.3d 1357 (Fed. Cir. 2008) ........................................................... 5, 22

*Symantec Corp. v. Acronis Corp.,*
 No. 11-5310 EMC (JSC), 2013 WL 5368053 (N.D. Cal. Sept. 25,
 2013) ...................................................................................................... 25

*TQ Delta, LLC v. Cisco Sys., Inc.,*
 942 F.3d 1352 (Fed. Cir. 2019) .......................................................... 14, 17

*U.S. v. Freeman,*
 498 F.3d 893 (9th Cir. 2007) ................................................................... 13

*In re Van Os,*
 844 F.3d 1359 (Fed. Cir. 2017) ............................................................... 17

*Verinata Health, Inc. v. Sequenom, Inc.,*
 No. 12-CV-00865-SI, 2014 WL 4100638 (N.D. Cal. Aug. 20,
 2014) ...................................................................................................... 23

*In re Warsaw Orthopedic, Inc.,*
 832 F.3d 1327 (Fed. Cir. 2016) ............................................................... 15

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- iv -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

*White v. Ford Motor Co.*,
   312 F.3d 998 (9th Cir. 2002) .............................................................................. 13

**Statutes**

35 U.S.C. § 103 ........................................................................................................... 15

**Other Authorities**

FED. R. CIV. P. 12(c) ..................................................................................................... 6

FED. R. CIV. P. 26 .................................................................................................. 5, 16

FED. R. EVID. 702 ............................................................................................... 13, 16

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

- v -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

VP/#57657778

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3

The testimony and opinion of Defendant/Counter-Plaintiff's, MacroAir

4

Technologies, Inc.'s ("MacroAir") proffered technical expert, David C. Paulus,

5

PhD, PE ("Paulus") in support of MacroAir's invalidity assertions are nothing more

6

than conclusory statements unsupported by any analysis. He should be precluded

7

from offering testimony on those points, and the portions of reports addressing

8

invalidity should be excluded.

9

*First*, Paulus makes mere conclusory, boilerplate assertions that "it would be

10

obvious to a person of ordinary skill in the art" to make particular modifications,

11

without articulating any motivation for such changes or providing any factual

12

support. *KSR*, 550 U.S. at 418 ("Rejections on obviousness grounds, in particular,

13

cannot be sustained by mere conclusory statements; instead, there must be some

14

articulated reasoning with some rational underpinning to support the legal

15

conclusion of obviousness.") (internal quotations omitted); *Innogenetics, N.V. v.*

16

*Abbott Labs.*, 512 F.3d 1363, 1373-74 (Fed. Cir. 2008) ("Such vague testimony

17

would not have been helpful to a lay jury in avoiding the pitfalls of hindsight that

18

belie a determination of obviousness."); *ActiveVideo Networks, Inc. v. Verizon*

19

*Commc'ns, Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012) ("Conclusory statement[s]

20

as to what a person skilled in the art would have known are insufficient and

21

"fraught with hindsight bias.")

22

*Second*, Paulus's expert reports lack any meaningful analysis of the

23

purported prior art and make no element-by-element analysis of any claim that

24

explains what specific combinations he believes would render any claim obvious.

25

*Innogenetics*, 512 F.3d at 1373-74 (affirming exclusion of expert as "[n]owhere

26

does [the expert] state how or why a person ordinarily skilled in the art would have

27

found the claims . . . obvious in light of some combination of those particular

28

references" because "[t]here must be some articulated reasoning with some rational

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 1 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

1   underpinning to support the legal conclusion of obviousness.") (internal quotations

2   omitted).

3       *Third*, Paulus admits that he failed to articulate the qualifications possessed

4   by a person of ordinary skill in the relevant art at the time of the invention of any

5   patent (a "POSITA") he applied in setting forth his invalidity opinions, making it

6   impossible to ascertain whether he has offered testimony from a POSITA's

7   perspective. *Star Scientific, Inc. v. RJ Reynolds Tobacco Co.*, 537 F.3d 1357, 1374

8   (Fed. Cir. 2008) ("Whether prior art invalidates a patent claim as obvious is

9   determined from the perspective of one of ordinary skill in the art."); *Innovention*

10  *Toys, LLC v. MGA Entm't, Inc.*, 637 F.3d 1314, 1323 (Fed. Cir. 2011) (holding that

11  a "determination of obviousness requires a factual finding of the level of ordinary

12  skill in the art" and that a district court's evaluation of obviousness in the absence

13  of evidence of the level of ordinary skill constitutes error).

14      Federal Rule of Civil Procedure 26(a)(2)(b)(i) requires an expert report to

15  contain "a complete statement of all opinions the witness will express and the basis

16  and reasons for them." These requirements are designed to "give the opposing party

17  a fair opportunity to evaluate the expert's qualifications, methodology, and

18  conclusions and then determine how to proceed or respond." FED. R. CIV. P. 26

19  Advisory Committee Note. Because Paulus's expert reports fail to meet this

20  standard, his testimony as to patent invalidity should be excluded.

21  **II.    RELEVANT FACTUAL BACKGROUND**

22      **A.    MacroAir's Invalidity Counterclaims**

23      Delta T LLC d/b/a Big Ass Fans ("BAF") brought suit against MacroAir

24  asserting that MacroAir infringed claims of three patents:  (i) U.S. Patent

25  No. 8,672,649 (the "'649 Patent"), (ii) U.S. Patent No. 8,900,041 (the "'041

26  Patent"), and (iii) U.S. Patent No. 9,458,859 (the "'859 Patent" and collectively

27  with the '639 Patent and the '041 Patent, the "Asserted Patents"). (ECF No. 59.)

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 2 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

MacroAir counterclaimed (amending its counterclaims twice), ultimately seeking a declaratory judgment that each asserted claim of the Asserted Patents was invalid. (Third Amended Counterclaims (the "Counterclaims"), ECF No. 69 at ¶¶ 19-24, 36.) MacroAir served MacroAir's Patent L.R. 3-3 and 3-4 Disclosures containing its initial invalidity contentions (Ex. C, Invalidity Contentions) on September 28, 2020 and attached copies of the claim charts contained in its Invalidity Contentions as an exhibit to the Counterclaims (ECF No. 69-4).[1]

MacroAir's Counterclaims also identified 11 unasserted BAF patents, namely U.S. Patent No. 7,284,960 (the "'960 Patent"), U.S. Patent No. 8,075,273 (the "'273 Patent"), U.S. Patent No. 8,147,204 (the "'204 Patent"), U.S. Patent No. 8,821,126 (the "'126 Patent"), U.S. Patent No. 9,856,883 (the "'883 Patent"), and U.S. Patent No. 7,934,907 (the "'907 Patent" and collectively, the "Other BAF Patents"). (Countercl. at ¶¶ 25–35.)[2] As best understood by BAF, MacroAir's Counterclaims purportedly seek a declaratory judgment that all of the claims of the Other BAF Patents are also invalid.

## B.  Paulus's Opinions

On March 10, 2022, MacroAir served Paulus's initial expert report (the "Paulus Initial Report"). (Ex. A, Paulus Initial Report.) Therein, Paulus offered

---

[1] The Invalidity Contentions are characterized in the Counterclaims as being MacroAir's "***Preliminary*** Invalidity Contentions served in this action on September 28, 2020 pursuant to Patent L.R. (N.D. Cal.) 3-3." (Counterclaims, ECF No. 69 at ¶ 36.)  MacroAir has not served supplemental Invalidity Contention or sought leave from the Court to do so. Patent L.R. (N.D. Cal.) 3-6 ("Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.")

[2] Concurrently herewith, BAF has moved to dismiss MacroAir's invalidity counterclaims under FED. R. CIV. P. 12(c) for lack of standing and failure to state a claim. In the event the Court grants that motion, BAF's motion *Daubert* challenge to Paulus's opinions regarding the Other BAF Patents would be moot.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 3 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

opinions that each of the asserted claims of the Asserted Patents was invalid.[3] (Ex. A, Paulus Initial Report at ¶¶ 109-27.)  Paulus also provided statements as to MacroAir's allegations regarding each of the Other BAF Patents, without expressly opining such patents (or any claims thereof) are invalid. (Ex. A, Paulus Initial Report at ¶¶ 128-33.) Paulus was deposed on July 22, 2022 (Ex. B, Excerpts of the Deposition Transcript of David C. Paulus ("Paulus Dep.").)

Paulus separately addresses each of the three Asserted Patents along with the six unasserted Other BAF Patents in the Paulus Initial Report. (Ex. A, Paulus Initial Report at ¶¶ 109–127 (discussing the Asserted Patents); ¶¶ 128–133 (discussing the Other BAF Patents).)  In providing his opinions on invalidity, Paulus did not offer any opinion as what level of skill of a POSITA would possess in relation to any of the Asserted Patents or Other BAF Patents. (Ex. A, Paulus Initial Report; Ex C, Paulus Dep., at 77:12-24, 150:18-23, 151:13-18, 152:12-15, 153:17-23.)

### 1.    Paulus's Opinions Regarding the '649 Patent

The Paulus Initial Report contains a mere six paragraphs discussing the '649 Patent, of which only three relate to Paulus's purported invalidity opinions. (Ex. A, Paulus Initial Report at ¶¶ 109-15.)

*First*, Paulus asserts that the asserted claims of the '649 Patent are anticipated by unspecified MacroAir products. (Ex. A, Paulus Initial Report at ¶ 113.) ("The prior art to the '649 patent as of March 6, 2007 and as of October 10, 2006 includes products being used and sold by MacroAir before those dates. Exhibit 3 hereto shows these products, which MacroAir will testify were in use and on sale by early 2006."). Exhibit 3 to the Paulus Initial Report contains over 530 pages of documents that were not produced by MacroAir during fact discovery, comprising three documents:  (1) a-so-called "Report on Fans, Ceiling Suspended" purportedly

---

[3] Paulus also provided a rebuttal expert report on April 19, 2022 addressing issues on which MacroAir did not have the burden of proof.

copyrighted in 2003 by Underwriters Laboratories Inc; (2) a purported UL 1995 Standard ("UL 1995"); and (3) a purported UL 507 standard ("UL 507"). (Ex. A, Exhibit 3 to Paulus Initial Report.)  Paulus asserts that "[t]hese products disclose all of the elements of the asserted claims of the '649 patent, including particularly the use of safety features required to obtain UL certification, including Thermal Protection and Impedance Protection." (*Id*.)  Yet none of the documents contained in Exhibit 3 "show products" of MacroAir, much less the public sale or use of such products. Paulus provides no explanation as to the providence of these documents, does not identify where in these documents the claimed elements of the '649 Patent can purportedly be found, and does not further discuss or explain their purported relevance or significance.

*Second*, Paulus asserts that the asserted claims of the '649 Patent are obvious in view of those same unspecified MacroAir products and/or other references (Paulus Initial Report, Ex. A at ¶ 114-15.) ("At the very least, these products render obvious the combination of elements of the asserted claims of the '649 patent. Exhibits 4-5 are claim charts showing the prior art disclosure of each of the elements of the asserted claims of the '649 patent."). Exhibits 4 and 5 to the Paulus Initial Report are each titled "Defendant's Invalidity Contentions Claim Chart" and set forth modified versions of the Invalidity Contentions MacroAir served on September 28, 2020.[4] (*See* Ex. C., Exhibits A and B to Invalidity Contentions.) These exhibits do not specifically identify **what** MacroAir **products** are purported to be prior art and give nothing conclusory statements alleging that the referenced non-patent literature qualifies as prior art. (*See, e.g.*, Paulus Initial Report, Ex. 4 at 3; Ex. 5 at 2-3.)  Further, these claim charts do not reference MacroAir's purported products as disclosing every limitation of any asserted claim of the '649 Patent,

---

[4] MacroAir never served updated invalidity contentions nor supplemented its responses to BAF's interrogatories to reference the new invalidity positions raised for the first time in the exhibits to the Paulus Initial Report.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

VP/#57657778

1  instead citing to various other references without explaining what specific
2  combinations or modifications would be made to any reference or product or
3  providing any explanation as to why a POSITA would be motivated to make any
4  particular change or combination. (*Id*.)

5      *Finally*, Paulus asserts that the asserted claims of the '649 Patent are obvious
6  in view of unspecified combinations of MacroAir products and/or other references,
7  stating "[t]he prior art to the '649 patent also includes the following patents which
8  individually or together render obvious the combination of claimed features of the
9  '649 patent" before providing a list of 11 documents. (Ex. A, Paulus Initial Report
10 at ¶ 116.) The Paulus Initial Report itself does not provide any analysis or
11 explanation as to how any one or more of the listed items relates to any claim of the
12 '649 Patent. Further, the list of references in the Paulus Initial Report **differs** from
13 that provided in Exhibits 4 and 5, omitting the UL1507 reference contained therein.
14 (*Compare* Ex. A, Paulus Initial Report at ¶ 115 *and* Ex. A, Exhibit 4 to Paulus
15 Initial Report at 3; Exhibit 5 to Paulus Initial Report at 2-3).

16      **2.     Paulus's Opinions Regarding the '041 Patent**

17      The Paulus Initial Report contains just four paragraphs discussing the '041
18 Patent, of which only one relates to Paulus's purported invalidity opinions. (Ex. A,
19 Paulus Initial Report at ¶¶ 116-19.)  Paulus's entire explanation for his invalidity
20 opinions regarding the '041 Patent is that "[t]he prior art to the '041 patent includes
21 the following patents which individually or together render obvious the
22 combination of claimed features of the '041 patent [followed by a listing of 14
23 documents]. Exhibit 6 is a claim chart showing the prior art disclosure of each of
24 the elements of the asserted claims of the '041 patent." (Ex. A, Paulus Initial Report
25 at ¶ 119.)  Exhibit 6 to the Paulus Initial Report is titled "Defendant's Invalidity
26 Contentions Claim Chart" (Ex. A, Exhibit 6 to Paulus Initial Report at *1.). It sets

27
28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 6 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

forth a modified version of Exhibit D to the Invalidity Contentions.[5] (Ex. C, Exhibit D to Invalidity.) It does not identify any one reference as disclosing every limitation of any asserted claim of the '041 Patent, instead citing to various references without explaining what specific combinations or modifications would be made to any reference or product or providing any explanation as to why a POSITA would be motivated to make any particular change or combination. (*Id*. at *1-2.)

### 3.    Paulus's Opinions Regarding the '859 Patent

The Paulus Initial Report contains eight paragraphs discussing the '041 Patent, of which four relate to Paulus's purported invalidity opinions. (Ex. A, Paulus Initial Report at ¶¶ 124-27.)

*First*, Paulus alleges that the asserted claims of the '859 Patent are anticipated by certain unspecified MacroAir products, stating that "[t]he prior art to the '859 patent as of July 15, 2012 and as of October 10, 2006 includes products being used and sold by MacroAir before those dates. Exhibit 7 hereto shows these products, which MacroAir will testify we in use and on sale by early 2006." (Ex. A, Paulus Initial Report at ¶ 124.)  Exhibit 7 to the Paulus Initial Report contains nine internal MacroAir documents. (Ex. A, Exhibit 7 to Paulus Initial Report.) Paulus provides no explanation as to the providence of these documents and does not further discuss or explain their purported relevance or significance.

*Second*, Paulus asserts that the asserted claims of the '649 Patent are obvious in view of an unspecified combination of MacroAir products and/or other references:

---

[5] Specifically, the version included with the Paulus Initial Report omits the disclaimer that "Defendant's Invalidity Contentions herein are based on its present understanding of the Asserted Claims and its present understanding of the claim construction positions from Plaintiff appears to be using based on its Infringement Contentions, even though Defendant does not agree with such claim constructions." (Ex. C, Exhibit D to Invalidity at *1 n.1.)

Vedder Price (CA), LLP
Attorneys at Law
Los Angeles

VP/#57657778

- 7 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

> At the very least, these products render obvious the combination of elements of the asserted claims of the '859 patent. Exhibit 8 is a claim chart showing the prior art disclosure of each of the elements of the asserted claims of the '859 patent....
>
> The Safety Link Extensions used on MacroAir's products in 2006 and the hub cover brackets used in 2004 would solve the breakage problem the '859 patent set out to solve. Furthermore, it would be obvious to a person of ordinary skill in the art to combine the MacroAir Blade Retainer with the MacroAir Safety Link Extensions to create a single piece.

(Paulus Initial Report, Ex. A at ¶¶ 125-26.)  Exhibit 8 to the Paulus Initial Report is titled "Defendant's Invalidity Contentions Claim Chart" and sets forth a modified version of the Invalidity Contentions. (Ex. A, Exhibit 8 to Paulus Initial Report at *1.) This claim chart does not specifically identify what MacroAir products are purported to be prior art (referencing only certain of the internal MacroAir design documents provided in Exhibit 7) and gives nothing but conclusory statements alleging that those unspecified products qualify as prior art. (*See, e.g.*, Ex. A, Exhibit 8 to Paulus Initial Report at *1-2.)  Further, this claim chart does not reference MacroAir's purported products as disclosing every limitation of any asserted claim of the '859 Patent, instead citing to various other references without explaining what specific combinations or modifications would be made to any reference or product or providing any explanation as to why a POSITA would be motivated to make any particular change or combination. (Ex. A, Exhibit 8 to Paulus Initial Report.)

*Finally*, Paulus asserts that the asserted claims of the '859 Patent are obvious in view of unspecified combinations of MacroAir products and/or other references. (Ex. A, Paulus Initial Report at ¶ 127.) ("The prior art to the '859 patent also includes the following patents which individually or together render obvious the combination of claimed features of the '859 patent [followed by a listing of five documents]. Exhibit 8-10 are claim charts showing the prior art disclosure of each

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 8 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

of the elements of the asserted claims of the '859 patent.") The Paulus Initial Report itself does not provide any analysis or explanation as to how any one or more of the listed items relates to any claim of the '859 Patent. Further, the litany of references set forth in the Paulus Initial Report *differs* from that provided in Exhibits 8, 9, and 10, including by omitting the references to MacroAir's internal documents contained in those claim charts. (Ex. A, Paulus Initial Report at ¶ 127; Exhibit 8 to Paulus Initial Report at 1-2; Exhibit 9 to Paulus Initial Report at *1-2; Exhibit 10 to Paulus Initial Report at *1-2.)

### 4.    Paulus's Opinions Regarding the Other BAF Patents

The Paulus Initial Report contains six paragraphs discussing the Other BAF Patents, with one paragraph devoted to each. (Ex. A, Paulus Initial Report at ¶¶ 128-33.)  These paragraphs contain nothing more than conclusory references to *MacroAir* having asserted that the other BAF products are purportedly "invalid in view of MacroAir's original designs and products." (*Id*.)

*First*, Paulus himself does not express an opinion as to the validity of any claim of the Other BAF Patents. (*Id*.) Instead, Paulus's statements are limited to what "MacroAir has asserted."  (*Id*.)

*Second*, Exhibits 13, 15, and 16 to the Paulus Initial Report are each titled "Defendant's Invalidity Contentions Claim Chart."  (Ex. A, Paulus Initial Report at ¶¶ 128, 131, 133.) These charts were not previously presented (in any form) with the Invalidity Contentions. (*See* Ex. C, Invalidity Contention.)  These claim charts cite to various references without explaining what specific combinations or modifications would be made to any reference or product or providing any explanation as to why a POSITA would be motivated to make any particular change or combination. Paulus provides no explanation as to the providence of the documents contained and/or cited in the exhibits referenced in these paragraphs and does not further discuss or explain their purported relevance or significance.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 9 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

*Finally*, the Paulus Initial Report itself does not provide any analysis or explanation as to how any one or more of the listed items relates to any claim of the Other BAF Patents.

### III.   **LEGAL STANDARDS**

#### A.   **Admissibility of Expert Testimony in General**

The Court is obligated to exercise its "gatekeeping" role in the admission of "all forms of expert testimony." *White v. Ford Motor Co.*, 312 F.3d 998, 1007 (9th Cir. 2002). The standard of admissibility is well known:

> Federal Rule of Evidence 702 provides that expert testimony is admissible "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue"; the witness is qualified "by knowledge, skill, experience, training, or education"; and "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." District judges are the gatekeeper for expert testimony to assure that it is both relevant and reliable.

*Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 836 (9th Cir. 2011) (quoting *Daubert*, 509 U.S. at 592-93).

An expert's opinion is admissible and useful to the jury because it is based on specialized "knowledge, skill, experience, training, or education." FED. R. EVID. 702. An expert opinion that does *not* rely on such specialized experience or training is no more admissible than—and is subject to the same rules of admissibility for— the opinion of a lay person. *U.S. v. Freeman*, 498 F.3d 893, 902 (9th Cir. 2007); *see also White*, 312 F.3d at 1008-09 ("A layman, which is what an expert witness is when testifying outside of his area of expertise, ought not to be anointed with ersatz authority as a court-approved witness for what is essentially a lay opinion.").

The Court's gatekeeping responsibility does not end with the qualification of the expert. The Court must also ensure that the expert's methods are reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1319 n.11 (9th Cir. 1995)

1  (requiring that "the expert has both chosen a reliable scientific method and followed

2  it faithfully"). *Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 590121, at *4 (N.D.

3  Cal. 2016) (excluding expert testimony where the expert offered no independent

4  basis for his opinion and merely cited an article as evidence of industry praise);

5  *Motorola Mobility, LLC v. International Trade Comm'n*, 737 F.3d 1345, 1350-1351

6  (Fed. Cir. 2013) (finding "conclusory and generalized sentences" insufficient to

7  support obviousness analysis).

8         **B.**    **Requirements for a Reliable Patent Invalidity Opinion**

9         The Federal Circuit has "repeatedly recognized that conclusory expert

10  testimony is inadequate to support an obviousness determination." *TQ Delta, LLC*

11  *v. Cisco Sys., Inc.*, 942 F.3d 1352, 1359 (Fed. Cir. 2019); *see also Innogenetics NV*

12  *v. Abbott Labs*, 512 F.3d 1363, 1373 (Fed. Cir. 2008) (upholding the district court's

13  exclusion of expert testimony where the expert "merely lists a number of prior art

14  references and then concludes with the stock phrase 'to one skilled in the art it

15  would have been obvious to perform the genotyping method in [the claims] of the

16  '704 patent.'"). A party seeking to invalidate a patent on obviousness grounds must

17  "demonstrate 'by clear and convincing evidence that a skilled artisan would have

18  been motivated to combine the teachings of the prior art references to achieve the

19  claimed invention, and that the skilled artisan would have had a reasonable

20  expectation of success in doing so.'" *Procter & Gamble Co. v. Teva Pharm. USA,*

21  *Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009) (quoting *Pfizer, Inc. v. Apotex, Inc.*, 480

22  F.3d 1348, 1361 (Fed. Cir. 2007)). "To facilitate review, [the obviousness] analysis

23  should be made explicit." *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 415, 418

24  (2007) (citing *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006) ("[R]ejections on

25  obviousness grounds cannot be sustained by mere conclusory statements; instead,

26  there must be some articulated reasoning with some rational underpinning to

27  support the legal conclusion of obviousness.")).

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 11 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

A patent is invalid as obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a) (2012). Obviousness is a question of law based on multiple underlying factual determinations, including "whether a [person of ordinary skill in the art] would have been motivated to combine the prior art to achieve the claimed invention and whether there would have been a reasonable expectation of success in doing so." *In re Warsaw Orthopedic, Inc.*, 832 F.3d 1327, 1333 (Fed. Cir. 2016) (quoting *DyStar Textilfarben GmbH & Co. Deutschland KG v. C.H. Patrick Co.*, 464 F.3d 1356, 1360 (Fed. Cir. 2006)). Identifying a motivation to combine the prior art is important because "inventions in most, if not all, instances rely on building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known." *KSR Int'l Co.*, 550 U.S. 418-19 (2007).

## IV.   THE COURT SHOULD EXCLUDE PAULUS'S OPINIONS AS TO PATENT INVALIDITY AS UNRELIABLE, CONTRARY TO LAW AND INADMISSIBLE

Paulus's testimony on the purported invalidity of the asserted BAF patents and the Other BAF Patents should be deemed inadmissible for at least three reasons. *First*, Paulus's invalidity opinions set forth in the Paulus Initial Report are nothing more than conclusory, boilerplate assertions lacking any attempt at analysis. *Second*, the claim charts attached to the Paulus Initial Report are likewise deficient, failing to detail any specific modifications or combinations and lacking any articulation as to ***why*** a POSITA would combine or modify any of the listed references. *Third*, in the sole case in which the Paulus Initial Report attempts to provide a motivation to combine, Paulus impermissibly relies on the inventor's own reasoning (which is impermissible and nothing more than hindsight). *Fourth*,

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 12 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

Paulus fails to define the level of skill possessed by a POSITA and, under the definitions proffered by BAF's experts, lacks the required experience to himself qualify as a POSITA in the relevant arts. For at least these reasons, his testimony should be excluded.

### A.     Deficient validity opinions should be excluded under *Daubert*.

As explained in *Daubert*, the inquiry under FED. R. EVID. 702 is focused "solely on principles and methodology, not on the conclusions" that result therefrom. *Daubert*, 509 U.S. at 595. Accordingly, under FED. R. CIV. P. 26, an expert's report must be detailed enough for the factfinder and the Court to evaluate the expert's methodology. While expert reports need not be complex, they must provide "an explanation and foundation so that a fact finder can evaluate and assess the opinion." *Finjan, Inc. v. Sophos, Inc.*, No. 14-cv-01197-WHO, 2016 WL 4560071, at *7 (N.D. Cal. Aug. 22, 2016). A conclusory opinion fails the requirements of *Daubert* because it cannot be objectively assessed or tested. *See Daubert*, 509 U.S. at 593-94; FED. R. EVID. 702, Advisory Committee Notes, 2000 Amendments (suggesting that "a subjective, conclusory approach that cannot reasonably be assessed for reliability" is not reliable expert opinion).

The Federal Circuit has made clear that an expert proffering invalidity opinions must articulate *why* a POSITA would find the claims at issue to be anticipated or obvious in view of the relied upon reference(s). *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373 (Fed. Cir. 2008); *see also Koito Mfg. Co. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1152 (Fed. Cir. 2004). Invalidity opinions that fail this test are to be excluded. *See, e.g., InTouch Techs., Inc. v. VGO Commc'ns, Inc.*, 751 F.3d 1327, 1352 (Fed. Cir. 2014) (finding insufficient an expert's obviousness testimony that "primarily consisted of conclusory references to her belief that one of ordinary skill in the art could combine [certain prior art] references, not that they would have been motivated to do so") (emphases and

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 13 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

citation omitted); *Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1473 (Fed. Cir. 1997) (discounting conclusory expert testimony regarding invalidity).

District courts have excluded under *Daubert* proffered expert opinions on invalidity that fail this standard. In *Finjan*, an expert offered opinions that certain claim elements would be obvious to a POSITA based on a "single sentence" of analysis. 2016 WL 4560071, at *7. The Court excluded these invalidity opinions, as the expert failed to provide any meaningful "explanation and foundation" that a factfinder could use to evaluate them. *Id.*; *see also Cordelia Lighting, Inc. v. Zhejiang Yankon Grp. Co.*, No. EDCV14881JGBSPX, 2015 WL 12656241, at *6 (C.D. Cal. Apr. 27, 2015) (in ruling on a preliminary injunction, finding that an "[o]bviousness [c]laim [c]hart that lists each asserted claim in one column and the prior art that purportedly renders it obvious in the second column" was "insufficient to establish invalidity" where there was "very little, if any, analysis" of "how the referenced prior art would have made each claim obvious."); *Elder v. Tanner*, 205 F.R.D. 190, 194 (E.D. Tex. 2001) (excluding under Daubert expert opinion that simply stated "the experts' ultimate opinions regarding infringement, anticipation, and obviousness and, generally, the authorities and evidence upon which they rely, but without any elaboration or reasoning").

The Federal Circuit has repeatedly expressed concerns that crediting conclusory expert testimony on obviousness "risks allowing the challenger to use the challenged patent as a roadmap to reconstruct the claimed invention using disparate elements from the prior art—i.e., the impermissible ex post reasoning and hindsight bias that *KSR* warned against." *TQ Delta, LLC v. Cisco Sys., Inc.*, 942 F.3d 1352, 1361 (Fed. Cir. 2019) (citing *In re Van Os*, 844 F.3d 1359, 1361 (Fed. Cir. 2017)).

Paulus's conclusory allegations of invalidity fail this basic, threshold test and must be excluded, as detailed below. *Cellular Communs. Equip., LLC v. Apple Inc.*, No. 6:14-CV-251, 2016 WL 6884076, at *2 (E.D. Tex. Aug. 30, 2016) ("In the

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 14 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

1    context of obviousness, generic expert testimony which is conclusory and factually

2    unsupported will be insufficient under *Daubert* to reach a jury.") (internal quotation

3    omitted).

4         **B.      Paulus's "opinions" on validity in his reports are nothing more**

5              **than conclusory statements, unsupported by any analysis.**

6         Paulus fails to provide any meaningful analysis of any elements of the claims

7    of the Asserted Patents or Other BAF Patents in the Paulus Initial Report. Instead,

8    Paulus does nothing more than make conclusory, boilerplate allegations regarding

9    the content of the prior art and a POSITA's purported motivation to combine. Such

10   is insufficient.

11        Paulus alleges that (i) MacroAir products "disclose all of the elements" of

12   particular claims or "render obvious the combination of elements of" such claims;

13   (ii) "[t]he prior art to [an Asserted Patent] also includes the following patents which

14   individually or together render obvious the combination of claimed features of the

15   [Asserted P]atent," followed by a listing of references; (iii) "MacroAir has asserted

16   that [one of the Other BAF Patents] is invalid in view of MacroAir's original

17   designs and products"; and (iv) in some cases, an exhibit "is a claim chart showing

18   the prior art disclosure of the broadest claim of [one of the Other BAF Patents], for

19   example." Such conclusory allegations are insufficient. *NTP, Inc. v. Research In*

20   *Motion, Ltd.*, 418 F.3d 1282, 1325 (Fed. Cir. 2005) (explaining that conclusory

21   expert testimony that failed to explain which components of the prior art embodied

22   each element of the asserted claims was insufficient to meet the clear and

23   convincing evidence standard for anticipation and obviousness).

24        Similarly, the sole assertion Paulus provides in his report for combining any

25   purported prior art references is that "it would be obvious to a person of ordinary

26   skill in the art to combine the MacroAir Blade Retainer with the MacroAir Safety

27   Link Extensions to create a single piece." (Ex. A, Paulus Initial Report at ¶ 126.)

28   Yet even here, Paulus provides no explanation as to the ***motivation*** for such a

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 15 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

change. He does not articulates what perceived benefits would exist from combining elements, much less explain why a POSITA would have understood those benefits based on the prior art at the time of the invention.

It is vital for an expert to articulate the reasoning underlying an obviousness opinion in order to allow for meaningful review and to ensure the expert has not resorted to impermissible hindsight. *InTouch Techs., Inc. v. VGo Commc'ns, Inc.*, 751 F.3d 1327, 1349 (Fed. Cir. 2014) (vacating district court's finding of a patent as being invalid as obvious where the invalidity "testimony [of the challenging party's expert] was nothing more than impermissible hindsight; [the expert] opined that all of the elements of the claims disparately existed in the prior art, but failed to provide the glue to combine these references"). In *InTouch*, the fatal flaw in the expert testimony on obviousness was the failure to "explain what reason or motivation one of ordinary skill in the art at the time of the invention would have had to place these pieces [of the prior art] together." *Id*. Such is precisely the case here, where Paulus provides nothing more than conclusory statements without articulated reasoning.

## C. The invalidity claim charts attached to the Paulus Initial Report "opinions" are also deficient.

The claim charts attached to the Paulus Initial Report (the "Claim Charts") fair no better than his reports. Each of the attached Claim Charts is styled "Defendant's Invalidity Contentions Claim Chart" related to a particular one of the Asserted Patents or Other BAF Patents.[6] On their face, it is unclear whether Paulus had any involvement in creating these charts, and thus whether they relate to his opinions or are merely included as informational explanations as to Paulus's

---

[6] Claim charts were ***not*** provided for the '273 Patent or the '126 Patent, leaving Paulus with nothing more than a single sentence of conclusory commentary on such patents. This is precisely the type of deficient analysis excluded in *Finjan*. 2016 WL 4560071, at *7.

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

understanding of MacroAir's contentions. (*See, e.g.,* Ex. A, Paulus Initial Report at ¶ 6 ("I have extensively reviewed each of the patents at issue in this action... and the contentions of the parties concerning those patents"); ¶¶ 128-133 (stating that "*MacroAir* has asserted" that the Other BAF Patents are invalid).) Indeed, the Paulus Initial Report merely describes the attached claim charts as being "claim charts showing the prior art disclosure of each of the elements of" particular claims, without indicating those claims charts reflect *Paulus's* opinions. (*See, e.g.,* Ex. A, Paulus Initial Report at ¶¶ 114, 119, 127.)

Regardless, the Claim Charts themselves lack any meaningful explanation as to which specific combinations of references are asserted or why a POSITA would make such combinations. Rather than articulating what modifications are alleged to the references or why a POSITA would make such modifications, the charts simply state without explanation that "[t]o the extent that it is determined that this limitation is not disclosed by [a reference], it would have been obvious to a person of ordinary skill in the art to combine the teachings of [one or more other references] with the teachings of [the first reference] to arrive at the claimed invention."[7] This is precisely the type of conclusory claim chart the Central District has previously found to be insufficient to state a case of invalidity, which "relie[d] almost solely on the repeated statement that 'at the time of the purported invention,' it would have been common sense for one of ordinary skill in the art to [the claim language being challenged]." *Cordelia Lighting, Inc.*, 2015 WL 12656241, at *6. These bald, boilerplate allegations are not enough and are precisely the sort of *ipse dixit* that *Daubert* prohibits. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 157 (1999); *Karl Storz Endoscopy-*

---

[7] In some cases, the Claim Charts use variations of this boilerplate assertion having the same deficiencies. (*See, e.g.*, Ex. A., Exhibit 8 to Paulus Initial Report at *2.) ("It would have been obvious to a person having skill in the art at the time of the invention to modify the system disclosed in Boyd to include these retainers.")

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 17 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

1   *Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2018 WL 3646842, at *9-

2   10 (N.D. Cal. Aug. 1, 2018) (striking expert testimony on invalidity that consisting

3   of boilerplate statements that "provide conclusions with no reasoning.")

4         **D.**    **The only apparent "motivation to combine" offered by Paulus**

5                 **impermissibly relies on the *inventor's* knowledge.**

6         Rather than explain *why* a POSITA would combine any particular references,

7   in all but one instance Paulus provides only conclusory statements without any

8   articulated reasoning. (*See, e.g.,* Ex. A, Paulus Initial Report at ¶ 114-15.) ("It

9   would be obvious for a person of ordinary skill to utilize a UL compliant motor in

10  the production of an HVLS ceiling fan.")

11        The sole instance in the Paulus Initial Report in which Paulus attempts to

12  articulate a motivation to modify the alleged prior art comes in relation to the '859

13  Patent. Paulus quotes from questioning of Richard Fizer—***the named inventor*** of

14  the '859 Patent—regarding what Paulus describes as "[Mr. Fizer's] motivations in

15  inventing the blade retainers which are the heart of the '859 patent." (Paulus Initial

16  Report ¶ 125.)  Paulus then contends that products offered by MacroAir "would

17  solve the breakage problem the '859 patent set out to solve" and "it would be

18  obvious to a person of ordinary skill in the art to combine" multiple components of

19  MacroAir products "to create a single piece." (*Id.*)

20        *First*, rather than providing evidence of obviousness, an inventor's discovery

21  of a previously unrecognized problem demonstrates patentability of the invention.

22  *See Leo Pharm. Prods., Ltd. v. Rea*, 726 F.3d 1346, 1353-54 (Fed. Cir. 2014)

23  (finding that because ***the prior art*** does not disclose the problem discovered, there

24  was no motivation to combine prior art elements to solve that problem). Paulus's

25  approach simply takes Mr. Fizer's disclosure as a blueprint for piecing together the

26  prior art to defeat patentability. Such reasoning is precisely the impermissible

27  hindsight reasoning that the Federal Circuit has held must be excluded. *See, e.g.,*

28  *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1138 (Fed. Cir. 1985) ("The

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 18 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

invention must be viewed not with the blueprint drawn by the inventor, but in the state of the art that existed at the time.").

*Second*, "knowledge of a problem and motivation to solve it are entirely different from motivation to combine particular references to reach the particular claimed method." *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373 (Fed. Cir. 2008). Even accepting for the sake of argument Paulus's assertions that a POSITA would have known of and been motivated to solve the breakage problem identified by Mr. Fizer, this does ***not*** provide a motivation to combine components of MacroAir products in the manner alleged.

Finally, an inventor's post-hoc testimony cannot be used in place of a patent's own disclosure. *Roton Barrier, Inc. v. Stanley Works*, 79 F.3d 1112, 1126 (Fed.Cir.1996) ("We have previously stated that an inventor's after-the-fact testimony is of little weight compared to the clear import of the patent disclosure itself."). Evaluating obviousness from the perspective of an inventor is itself *per se* error. *Interconnect Planning*, 774 F.2d at 1138 ("The invention must be evaluated not through the eyes of the inventor, who may have been of exceptional skill, but as by one of 'ordinary skill.'").

**E.      Paulus fails to articulate the level of skill possessed by a POSITA and thus fails to offer testimony from the necessary perspective.**

Obviousness of a patent claim is an issue that must be determined from the perspective of a POSITA. *See Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) ("[T]he test requires an inquiry from the perspective of a person of ordinary skill in the art"); *Star Scientific*, 655 F.3d at 1374 ("Whether prior art invalidates a patent claim as obvious is determined from the perspective of one of ordinary skill in the art."). Invalidity opinions that do not account for a POSITA's skill level must be excluded *See, e.g., Arason Enterprises, Inc. v. CabinetBed Inc.,* 2019 WL 4597863, *8-9 (D. Colo. 2019) (striking portions of an expert opinion regarding invalidity where the expert applied a different definition of

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 19 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

POSITA and did not support his conception of a POSITA). Further, an expert necessarily cannot offer such testimony unless the expert is themselves at least as qualified as a POSITA. *Kyocera Senco Indus. Tools Inc. v. ITC*, 22 F.4th 1369, 1377-78 (Fed. Cir. 2022) ("To offer expert testimony from the perspective of a skilled artisan in a patent case … a witness must at least have ordinary skill in the art.").

Paulus admits that in reaching his conclusions on invalidity, he did not determine the level of skill possessed by a POSITA. (Ex. B, Paulus Dep. at 77:12-24, 150:18-23, 151:13-18, 152:12-15, 153:17-23.)  Without reaching that threshold determination, the reliability of his opinions on obviousness cannot be determined. *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17 (1966) ("Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined.").

## V.      THE COURT SHOULD EXCLUDE AND STRIKE PAULUS'S NEW OPINIONS ON INVALIDITY NOT SET FORTH IN MACROAIR'S INVALIDITY CONTENTIONS.

Under the Patent Local Rules of the Northern District of California (which the parties agreed would govern this action),[8] "a party may not use an expert report to introduce new infringement theories, new infringing instrumentalities, new invalidity theories, or new prior art references not disclosed in the parties' infringement contentions or invalidity contentions." *Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-CV-00865-SI, 2014 WL 4100638, at *3 (N.D. Cal. Aug. 20, 2014) (internal quotation marks omitted). "Any invalidity theories not disclosed

---

[8] *See* ECF No. 28 (Joint Written Report under FRCP 25(f)) at 2:9-11; ECF No. 31 (Minutes of Telephonic Scheduling Conference).

1   pursuant to Local Rule 3-3 are barred . . . from presentation at trial (whether

2   through expert opinion testimony or otherwise)." *MediaTek Inc. v. Freescale*

3   *Semiconductor, Inc.*, No. 11-cv-05341-YGR, 2014 WL 690161, at *1 (N.D. Cal.

4   Feb. 21, 2014). In determining whether to strike or disregard some or all of an

5   expert report for failure to comply with the patent local rules, courts in this

6   Northern District of California look to whether "striking the report [will] result in

7   not just a trial, but an overall litigation, that is more fair, or less?" *Apple Inc. v.*

8   *Samsung Electronics Co.*, No. 11-CV-01846-PSG, 2012 WL 2499929, at *1 (N.D.

9   Cal. June 27, 2012).

10          Here, Paulus's testimony and the Claim Charts present entirely new

11   invalidity theories based on products that were not previously disclosed in

12   MacroAir's Invalidity Contentions. Specifically, the Paulus Initial Report raises—

13   for the first time—invalidity theories based on MacroAir's own products

14   purportedly sold or used before the critical date for the Asserted Patents. For

15   example, the Claim Charts for the '649 Patent incorporate references to "MacroAir

16   UL Certified fans, UL 507 Electric Fans" and "UL 1995 Heating and Cooling

17   Equipment" not present in MacroAir's Invalidity Contentions. (*See* Ex. A, Exhibits

18   4 and 6 to Paulus Initial Report; Ex. C, Exhibits A and B to Invalidity Contentions.)

19   Similarly, the Claim Charts for the '859 Patent incorporate references to "MacroAir

20   Technologies Installation manual MA010456-467," "'10 blade retainer link'

21   MA010468," "'Shroud and Hub Cover Installation Instructions' MA010627,"

22   "'How to Install Safety Link Extensions' MA002426," and "'Blade Brace'

23   MA001970" which are not present in MacroAir's Invalidity Contentions. (*See* Ex.

24   A, Exhibits 8-10 to Paulus Initial Report; Ex. C, Exhibits D and E to Invalidity

25   Contentions.)

26          These new theories raised for the first time during expert discovery should be

27   disregarded and stricken on the basis that they are untimely and prejudicial. *Finjan,*

28   *Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, 2015 WL 3640694, at *2 (N.D.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 21 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

Cal. June 11, 2015) ("[t]he dispositive inquiry in a motion to strike is [] whether the allegedly undisclosed 'theory' is in fact a new theory"). Of particular concern, MacroAir has *still* not identified what products it intends to rely on or provided documents or testimony describing those products or establishing that they were actually on sale or in public use (much less when). This delay is particularly egregious, as MacroAir presumably is the only entity in a position to know this information, as it seeks to rely on its *own products*. *Symantec Corp. v. Acronis Corp.*, No. 11-5310 EMC (JSC), 2013 WL 5368053, at *8 (N.D. Cal. Sept. 25, 2013) (denying defendant leave to amend invalidity contentions during expert discovery to add its own products as prior art reference in part because the defendant "themselves were in the best position to know when their own products launched in the United States.").

In addition, Paulus's opinions regarding these products are entirely speculative and conclusory, as Paulus himself appears unaware what specific products MacroAir intends to identify as purported prior art. (Ex. A, Paulus Initial Report at ¶¶ 113, 124.) Paulus further conceded during his deposition that he did not rely on anything in forming his opinions other than the specific items cited in his report. (Ex. C, Paulus Dep. at 75:1-12, 75:23-76:1.) Thus, as he neither explains what MacroAir products he believes constitute prior art in his report nor even provides a source of information as to his belief that those products exist and constitute prior art, his opinions on those products should be stricken.

## VI.   **CONCLUSION**

Paulus's patent validity testimony should be excluded in its entirety. His opinions are entirely conclusory, fail to articulate the specific combinations or modifications to the prior art he believes render any patent claim obvious, gives no explanation as to any motivation for making such modifications or combinations, and provides no basis for evaluating whether he has properly rendered his opinions from the perspective of a POSITA.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#57657778

- 22 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated: August 29, 2022            **VEDDER PRICE (CA), LLP**


By: /s/ Maura Riley
      Maura Riley

Attorneys for Plaintiff and Counter-
Defendant,
DELTA T LLC D/B/A BIG ASS FANS

Vedder Price (CA), LLP
Attorneys at Law
Los Angeles

VP/#57657778

- 23 -            BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 29th day of August 2022, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

/s/ Maura Riley

Vedder Price (CA), LLP
Attorneys at Law
Los Angeles

VP/#57657778

- 24 -

BAF'S MEMO ISO MOTION TO EXCLUDE
TESTIMONY OF DAVID C. PAULUS