UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Delta T LLC, d/b/a Big Ass Fans,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MacroAir Technologies, Inc.,<br><br>　　　　　Defendant. | Case Nos. **EDCV 20-728-GW-GJSx**<br>and EDCV 20-1489-GW-GJSx<br><br>**PERMANENT INJUNCTION**<br><br>District Judge: George H. Wu<br>Magistrate Judge: Gail J. Standish |
| MacroAir Technologies, Inc.,<br><br>　　　　　Counterclaimant,<br><br>　v.<br><br>Delta T LLC d/b/a Big Ass Fans,<br><br>　　　　　Counter-Defendant. | |

IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties, Delta T LLC d/b/a Big Ass Fans ("BAF") and MacroAir Technologies, Inc. ("MacroAir").

2. MacroAir has infringed claims 1 and 10 of U.S. Patent No. 9,458,859 ("the '859 Patent") by way of making, using, offering to sell and/or selling with the United States, and/or importing into the United States, each of the following products (referred to herein by MacroAir's model numbers and/or designations): the AirElite, AirLite, AirSpan, AirStar, AirVolution, AirVolution-D 550, AirVolution-D 780, X Series, Y Series, and Z Series fan systems ("the '859 Products").

3. MacroAir has infringed claim 1 of U.S. Patent No. 8,900,041 ("the '041 Patent") by way of making, using, offering to sell and/or selling with the United States, and/or importing into the United States, each of the following products (referred to herein by MacroAir's model numbers and/or designations): AirVolution, AirVolution-D 370, AirVolution-D3/D430, AirVolution-D 450, AirVolution-D550, AirVolution-D 780, X Series, and Y Series fan systems and related components with the AirEffect product. ("the '041 Products," together with the '859 Products, the "Infringing Products").

4. MacroAir has willfully falsely advertised in interstate commerce in the United States that its AirVolution-D fans offer a 50,000 hour warranty that in most industrial applications, is (i) the equivalent of 24 years of use, or (ii) 9 years more coverage than the longest motor, drive and controller warranty offered by BAF.

5. MacroAir has willfully falsely advertised in interstate commerce in the United States that "most other big fan manufacturers only have forward operation."

6. MacroAir, together with their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, are and shall remain restrained and enjoined, pursuant to 35 U.S.C. §

283 and Fed. R. Civ. P. 65, from making, using, offering to sell, and/or selling within the United States, and from importing into the United States, any of the Infringing Products, or colorable imitations thereof, and from otherwise infringing or inducing others to infringe the '859 Patent or the '041 Patent.

7. MacroAir, together with their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, are and shall remain restrained and enjoined, pursuant to 15 U.S.C. § 1116(a) and Fed. R. Civ. P. 65, from placing or causing to be placed, into interstate commerce in the United States, any of the statements referenced in Paragraphs 4 and 5 of this Order, or other statements not colorably different therefrom. A statement is not colorably different from those referenced in Paragraphs 4 and 5 if it:

    a. communicates that MacroAir is the only HVLS fan manufacturer who offers reverse operation of their HVLS fans;

    b. communicates that BAF HVLS fans are not capable of reverse operation;

    c. communicates that MacroAir's 50,000 hour warranty claim on its AirVolution-D HVLS fans is equivalent to 24 years of use, or longer than BAF's 10 year (or longer) warranty unless such statement: (i) explicitly and conspicuously states that it is based on 8 hours per day, 5 days per week of use, and (ii) does not characterize such use as "average" or "typical" or other word not colorably different therefrom.

8. MacroAir, together with their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, are and shall remain restrained and enjoined from knowingly causing, aiding, assisting or abetting any other person or entity to take any action prohibited by the foregoing Paragraphs 6 and 7. If any party believes that the injunction has been violated, it shall timely notify its opponent in writing as to the issues and

thereafter meet and confer to resolve the issue. If a resolution cannot be reached, the parties shall jointly file document stating the nature of the dispute and briefly delineating each sides position. This meet and confer requirement need not be utilized if the issue is one which raises the possibility of irreparable harm.

9. The foregoing Paragraph 6 shall expire:

    a. as to the '859 Products upon expiration of the '859 Patent; and

    b. as to the '041 Products upon expiration of the '041 Patent.

10. MacroAir shall provide a copy of this Order to all known distributors, wholesalers, retailers or other agents participating in the marketing and distribution of Infringing Products or MacroAir AirVolution-D HVLS fans.

11. The Court shall retain jurisdiction to enforce this Order, and any failure by MacroAir to comply herewith shall constitute contempt of court.

IT IS SO ORDERED.

Date: August 21, 2024        By: _____
                                    HON. GEORGE H. WU,
                                    United States District Judge